### C. M. WELLS v. MRS. WILLO HARDY.

Decided June 7, 1899.

**1. Breach of Promise to Marry by Female Minor.**

A female minor, though above the age of 18, is not bound by an executory contract to marry, nor liable in a suit for breach thereof.

**2. Same—Statutes Construed.**

Revised Statutes, articles 2957, 25, 2963, 2964, and 2552, considered with reference to effect upon a contract to marry by a female minor.

APPEAL from Hays. Tried below before Hon. H. TEICHMUELLER.

*Burgess & Hopkins,* for appellant.

*A. B. Storey* and *Will G. Barber,* for appellees.

KEY. ASSOCIATE JUSTICE.—Appellant brought this suit against Mrs. Willo Hardy (making her husband a party defendant pro forma) to re-

cover damages for breach of a promise to marry. He admitted in his petition that Mrs. Hardy, who was Miss Willo Lipscomb at the time the marriage contract was made, was at that time only 18 years of age, and that she was under 21 years of age when she repudiated the contract and married W. H. Hardy.

Because of this admission in the plaintiff's petition, the court below sustained an exception thereto, upon the ground that the defendant, being a minor when the contract was made, was not in law bound thereby, and a claim for damages could not be based upon her refusel to perform. Of this ruling appellant complains, and this is the only question presented for decision.

It is not denied by counsel for appellant that the general rule is that a minor is not bound by an executory contract to marry, and the authorities to that effect are abundant. Bish. on Mar. and Div., secs. 201,206,561, 564, 584; Schouler on Dom. Rel., sec. 415; Tyler on In. and Covert., 55; 4 Am. and Eng. Enc. of Law, 2d ed., 883; Warwick v. Cooper, 5 Snead (Tenn.), 659; Pool v. Pratt, 1 Vt. (Chipman), 252; Rush v. Wick, 31 Ohio St., 521; McConkle v. Barnes, 42 Ill. App., 512; Frost v. Vought, 32 Mich., 65; Hunt v. Peak, 5 Cow. (N. Y.), 475; Hamilton v. Lomax, 25 Barb. (N. Y.), 615. Such contracts are considered analogous to a minor's contract for necessaries, which if he receives and gets the benefit of, he is bound to pay for, but he can not be compelled to receive necessaries contracted for, nor will his estate be liable for his refusal to comply with his contract for necessaries. Pool v. Pratt, supra.

It is contended, however, that the authorities referred to and others to the same effect are not applicable to this case, because under our statute a female is permitted to marry without the consent of her parents as soon as she attains the age of 18 years; and that such statutory provision does not exist in the jurisdiction where the cases cited were decided.

Under the title "Husband and Wife" the Revised Statutes of this State fix the age of consent to marriage at 16 for males and 14 for females; prescribes what officer shall issue the marriage license, and who may perform the marriage ceremony; and article 2957 thereof reads as follows: "No clerk shall issue a license without the consent of the parents or guardians of the parties applying, unless the parties so applying shall be, in case of a male, 21 years of age, and in the female 18 years of age."

It is contended by counsel for appellant that a proper construction of this article leads to the conclusion that when a female reaches the age of 18 years she is to be considered an adult in reference to marriage, and can bind herself by an executory contract to marry, so that her estate will be liable for damages if she refuses performance of the contract. The argument is, that as the common law did not authorize a minor to marry until he or she reached the age of 21, without such consent, and as the statute referred to authorizes females to marry at the age of 18 without the consent of parent or guardian, it confers upon them a power not before possessed; and that as a power necessarily implies the ordinary

and appropriate means to execute the same; it follows that a female 18 years of age has the power to bind herself by an executory contract to marry.

We are not prepared to agree with counsel in the construction sought to be placed upon the statute. It is well settled that marriages without the consent of parents, by infants over the age of consent, are valid, unless there be a statute declaring them null and void. Bish. on Mar. and Div., secs. 551-559, and authorities there cited. There is no statute of this State declaring any marriage void on account of minority; and, in view of the rule referred to, it must be held that a female over the age of 14 and under the age of 18 possesses the power, without the consent of her parents, to enter into a valid marriage. And therefore article 2957 does not confer upon a female 18 years of age a power not previously possessed.

Counsel assert in their argument that the female develops in all respects, but especially those to be considered in reference to marriage, much earlier than the male; and that this fact tends to support their contention that, in reference to marriage, the Legislature intended by article 2957 that the female 18 years of age should be put upon the same footing as the male who has attained the age of 21.

Physically speaking, it is true that the female develops earlier than the male, but we are not prepared to assent to the proposition that she so develops in all other respects. Mentally and morally speaking, the difference in the time of development, if any, is slight.

The law of minority is based mainly upon mental immaturity causing inability of persons under the age of 21 to exercise proper discretion and judgment. And we can readily understand, that as the inclination to marry and appreciation of marital obligations usually keep pace with physical development, the Legislature might appropriately authorize the developed female, though a minor, to enter the marriage state without the consent of parent or guardian, and without removing her disability to bind herself by executory contracts. And this, we think, is all that was intended by article 2957.

In support of their contention, counsel for appellant cite article 25, under the head of "Apprentices," which provides that the "duration of apprenticeship shall be until the minor, if a male, arrives at the age of 21 years; if a female, until she arrives at the age of 18 years, or until she marries, if she marries before that age;" and contend that this article involves the idea that the female at 18 has absolute power of marriage.

It seems to us that this statute either proves too much or proves nothing, in reference to the question under consideration. It is not contended by counsel that it has the effect of entirely removing the minority of a female at the age of 18, but that it discloses a legislative construction of article 2957 in accordance with their contention. But why not argue that as it releases females from apprenticeship when they arrive at the age of 18, therefore such females are no longer minors in any sense? It seems to us that the one construction is about as plausible as the other, and that neither are correct.

Counsel also cite articles 2963 and 2964, under the chapter relating to marriage contracts. Article 2963 places certain limitations upon the power to make antenuptial contracts; and article 2964 requires such contracts to be acknowledged before some authorized officer, and attested by two witnesses, and declares that the "minor capable of contracting matrimony may give his consent to any agreement which this contract is susceptible of, but such agreement must be made by the written consent of both parents, if both be living; if not, by that of the survivor. If both be dead, then by the written consent of the guardian of such minor."

We do not think these provisions of the statute in anywise aid appellant; but, on the contrary, article 2964 requires the consent of the parent or guardian before the contracting minor can create a liability against his estate in behalf of his future wife. In our opinion, the phrase "the minor capable of contracting matrimony," means any person, of either sex, of the age of consent and under 21, and not otherwise disqualified from entering the marriage state.

If appellee had the power to bind herself by an executory contract to marry, she had the power to provide indemnity in the event she breached the contract, by mortgaging her estate for a given sum, agreed upon as liquidated damages. So, if we correctly construe article 2964, and appellant's construction of article 2957 should be adopted, we would have this legal anomaly in Texas: A female under 21 years of age could not, without the written consent of her parents or guardian, make a binding antenuptial contract in reference to the property rights of herself and her contemplated husband; but if she be 18 years of age she could, without such consent, or permission of any court, mortgage her entire estate to indemnify him, if she refused to comply with her agreement to marry. By article 2964, as we construe it, such females (as well as all other minors) are protected against unwise and improvident antenuptial contracts; thereby indicating that the Legislature did not consider them, in reference to property rights, as possessing the same discretion that is possessed by persons 21 years of age. Therefore it appears to us that article 2964 tends to break down, instead of uphold, appellant's interpretation of article 2957.

By the common law, the status of minority continues as to both sexes up to the age of 21; and not only is the common law in force in this State, but as early as 1870 the Legislature enacted what is now article 2552 of the Revised Statutes, reading thus: "Male persons under 21 years of age, and females under 21 years of age, who have never been married are minors." This article is one of the general provisions under the title denominated "Guardian and Ward." It is comprehensive in its terms, and it seems to us that it must be held to apply to all persons therein described as to all transactions that affect their estates, unless some statute can be found that expressly or necessarily engrafts an exception upon it; and we do not believe that article 2957 or any other article to which our attention has been called, creates such exception.

Although article 2957 removes the right of parents to object to such marriages as their 18-year-old daughters may choose to make, we think the analogy pointed out in Pool v. Pratt, 1 Vermont, 254, between a minor's contract for necessaries and contract to marry holds good in this and similar cases.

The comparison may be thus stated: An 18-year-old girl has a perfect legal right to live and a similar right to marry, regardless, in each instance of parental approval; and these rights draw to them and include in them whatever powers are necessary to their full enjoyment. Hence it is, that as food and raiment are necessary to sustain and enjoy life, the power to procure them by contract of purchase exists in such a girl; and, as a husband is necessary to consummate marriage, she has a like power to make a contract, by the terms of which she and her intended husband promise to marry each other. Now if the one promise, while executory, is binding upon her, the other should be; and if she is not bound by the one, she should not be by the other; and as it is uniformly held that executory contracts for necessaries are not binding, so it ought to be held as to an executory contract to marry. If any distinction should be made in this respect, and the woman be permitted to repudiate one contract and not the other, it appears to us that the right of repudiation should apply to the agreement to marry, instead of the contract for necessaries; because accepting a particular man as a husband is of much more importance to a woman than the acquisition of food and raiment from a particular dealer. Comparatively speaking, it is of little consequence to her whether she procure her bread from one baker or another; but it is vitally important to her whether she marry one man or another. Marriage, in its proper sense, is founded mainly upon considerations of mutual esteem and respect. And if, after a woman promises to marry a man, she becomes convinced that these sentiments can not exist between them, the law can accord her few greater favors than the right to repudiate such a promise.

Counsel for appellant place great reliance upon the case of Devlin v. Riggsbee, 4 Indiana, 464. In that case, the plaintiff sued for damages for a breach of promise to marry. The defendant pleaded a release executed by the plaintiff after she arrived at the age of 18 years. The plaintiff demurred to this plea, and the demurrer was sustained.

The statute law of that State is similar to ours; and the court held that as the plaintiff at the age of 18 was at liberty to marry without the consent of parent or guardian, her contract releasing the defendant from damages for violating the marriage contract was binding upon her; and used language that tends to support the theory urged by counsel for the appellant in this case. It may be, as suggested by counsel for appellee, that that case was correctly decided because the plaintiff could not retain the consideration for the release and deny its binding force; but the court did not rest it on that ground, and the reasons given for the decision tend to support appellant's contention. However, we are not willing to follow the Indiana case if it was intended to hold that a statute similar

to article 2957 would render a female under 21 years of age liable for damages for the breach of an executory contract to marry.

We are also referred to Stephenson v. Westphall, 18 Illinois, 208, but that case is not in point. It was there held that a proviso in a statute reading, "and the minority of females shall cease at the age of 18 years," was intended by the Legislature to be general in its effect, and that females attained majority, by force of the statute of that State, at the age of 18.

This case has been presented in this court by counsel for both parties with skill and ability, we have given it careful and thorough consideration, and our conclusion is, that the appellee was not bound by her executory promise to marry, and that the court below ruled correctly in so holding.

*Affirmed.*

Writ of error refused.