### PEACOCK MILITARY COLLEGE v. HUGHES. (No. 6456.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1920.)

1. Infants ⊂⇒98—Evidence held to warrant finding that infant contracted with college for himself, and not for his father.

In a minor's action to recover back money paid a college for tuition, etc., testimony that he undertook to enter the college on his own responsibility, the money to be advanced by his father and charged to his interest in his mother's estate, evidence that a catalogue, relied on as constituting a contract with the father was ordered by plaintiff and received by him and never seen by the father, and that the father did not intend to contract or pay for his son's education, supported a finding that plaintiff acted for himself and not as his father's agent.

2. Infants ⊂⇒92—Issue as to whether other party knew infant was contracting for himself immaterial under pleadings and evidence.

In a minor's action to recover back money paid a college for tuition, etc., where defendant pleaded a contract with plaintiff's father and relied on a catalogue sent the father to establish it, but the evidence showed that the father did not order the catalogue and failed to show that he received it, an issue as to whether the college president knew plaintiff was acting for himself was immaterial.

3. Infants ⊂⇒53, 58(1)—Belief of other party that minor had authority to bind parent does not make contract one with parent or prevent rescission.

Where a minor was acting for himself in enrolling with a military college, the belief of the college president that he had authority to bind his father, did not establish a contract with the father, or prevent the minor from rescinding the contract in the absence of estoppel.

4. Infants ⊂⇒58(1) — Money obtained from parent, but charged to interest in estate, recoverable by infant.

Where the money, paid by a minor to a military college, was obtained from his father pursuant to an understanding that it was to be advanced to him and charged to his share in his mother's estate, he had title to the money, entitling him to recover it on rescission of the contract.

5. Infants ⊂⇒58(1)—May repudiate contract for future necessaries, but liable for those furnished.

A minor may repudiate a contract for necessaries to be furnished in the future, but will be liable for those already furnished.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Special Judge.

Action by John Hughes against Peacock Military College. Judgment for plaintiff, and defendant appeals. Affirmed.

Leonard Brown and L. J. Gittinger, both of San Antonio, for appellant.

Henry Lee Taylor and Hertzberg, Kercheville & Thomson, all of San Antonio, for appellee.

MOURSUND, J. We adopt appellant's statement of the nature and result of the suit as follows:

"This suit originated in the county court of Bexar county for civil cases on October 20, 1919, when the appellee, through J. H. Hughes, his next friend and father, filed his original petition, alleging that on September 13, 1918, plaintiff, a minor, entered appellant's college and paid the sum of $305 in advance for the first half term, consisting of 4½ months, that he received certain clothing, etc., of the value of $50, and that at the end of two weeks he was forced to leave college because of the treatment accorded him by the other students in the college, and that he did then leave, that no one signed any written contract, agreeing to pay for the tuition, and that he acted for himself in contracting with the appellant at the time, and that he was a minor, and that it was his money that was paid appellant, and that he demanded the return of his money, less the value of the property received by him, and that the contract was voidable on account of his minority, and that he elected to rescind the same and recover the money paid by him back, less the said $50, to wit, the sum of $225.

"Appellant, as defendant, below, answered on May 13, 1920, by amended answer, aside from general demurrer and certain special demurrers not involved herein, and general denial, specially that it sent its catalogue to plaintiff's father, which catalogue constituted its offer of the terms and conditions upon which it would accept plaintiff as a student in its college, and that thereafter plaintiff appeared at its school and was enrolled, and that thereby the catalogue became the contract between plaintiff's father and the defendant under which plaintiff was enrolled as a student in defendant's college; that the catalogue, among other things, provided that the school was not divided into quarters, terms, or half years, and that all payments made were on account of the full term of 36 weeks, that pupils were not taken for less than a year, and that pupils enrolled were obliged to remain to the close of the session; and that, in case of withdrawal without cause, the loss for the remainder of the session is sustained by the parent, etc.

"That after enrollment as above, plaintiff withdrew without cause, and refused and failed to attend school, and that defendant was at all times ready, able, and willing to furnish and provide the things it agreed to do in said catalogue, and that it was prevented from carrying out its contract by the plaintiff.

"That under the circumstances in life of the plaintiff the tuition, board, etc., which defendant agreed to furnish plaintiff, and the things which it did furnish plaintiff, were necessaries, and that, should it be held that plaintiff owned the money paid defendant, because of such facts the plaintiff became liable to defendant for such tuition, etc., and could not rescind the contract and recover the money back.

"That it did not make any contract with the plaintiff John Hughes, and did not accept him as a party to any contract with it, except the pledge which he signed upon enrolling in school, and that the only contract defendant had was with plaintiff's father, John Hughes, Sr., whereby defendant offered to accept the son of said John Hughes, Sr., in its school as a student upon the terms and conditions as outlined in its catalogue as above set forth, and that therefore defendant had no contract with the minor plaintiff, and would not have entered into any contract with him, and that its only contract was with his father, and that therefore the minor plaintiff could not recover.

"That the minor plaintiff does not come within any of the provisions of its catalogue entitling him to recover the money paid, but, on the contrary, because of the terms of its catalogue, is barred from recovering back any part thereof.

"That it never recognized the minor plaintiff as a party with it to any contract, never recognized the minor plaintiff as a party to the contract wherein the minor plaintiff was accepted as a student, but only knew and recognized his father as the party with whom it contracted, and that therefore plaintiff was not entitled to recover.

"Trial was before a jury on special issues on May 14, 1920, and judgment rendered for plaintiff against the defendant on the jury's answers thereto on May 14, 1920, for $225, interest, and costs."

The special issues, and answers thereto, follow:

"(1) At the time of the enrollment of the said John Hughes, Jr., in defendant's college, was the plaintiff J. H. Hughes, Jr., acting for himself or as the agent of his father? Answer: Acting for himself.

"(2) If you answer the foregoing question that the said Jno. H. Hughes, Jr., was acting for himself, then you will answer the following question: Did Wesley Peacock, as president of the defendant college, know that the said John H. Hughes, Jr., was acting for himself? Answer: Yes."

The first contention made by appellant is that the first issue should not have been submitted, the ground of objection being that the undisputed evidence showed that the boy acted as the agent of his father. We conclude that the evidence justified the submission of the issue and supports the finding of the jury.

[1] The testimony of John Hughes is to the effect that he undertook to enter the appellant college upon his own responsibility and at his own expense, the money to be advanced by his father and charged to his interest in his mother's estate. The evidence supports a finding that the catalogue was ordered by the son, and received by him, no matter how addressed, and that the father never saw the catalogue, and never desired or intended to make any contract with the college, or pay for the education of his son. In fact that he was opposed to the project, but advised his son that if he did go, then to pay $100 each month, and not pay for a full term.

[2, 3] Under the pleadings and evidence in this case the second issue was immaterial. The appellant relied upon proving a contract with the father, pleading that it had sent him a catalogue, and that the son had appeared at the college and enrolled. The theory was that the father had accepted and agreed to the terms of the catalogue by sending his son to enroll. It appeared, however, that the father had not ordered a catalogue, and the evidence failed to show that he had received one. On the contrary, there was no claim on the part of Prof. Peacock that more than one catalogue had been sent, and the son received that. The proof failed to show any contract with the father, and there was no pleading or proof that he did anything from which apparent authority to bind him could be inferred. Belief on the part of Prof. Peacock that the son had authority to bind the father to the terms of the catalogue would not establish a contract with the father, nor would it prevent the minor from rescinding the contract made by him, at least in the absence of pleading and proof of facts showing estoppel.

[4] The appellant contends the evidence shows that the money paid was not the prop-

erty of plaintiff, but was the property of plaintiff's father. The money was obtained upon a check executed and delivered by plaintiff, to which he had signed his father's name, pursuant to a previous understanding with his father that the money was to be advanced to him, and charged to his part of his mother's estate. It is no concern of appellant whether the father can charge such money to the son or whether he cannot do so. Appellant cannot presume that the son will not repay his father, or that he will contest the right of the father to charge the amount as an advancement out of the boy's share in his mother's estate. The boy procured the money to be paid to the appellant under the contract made by him, and his rights cannot be defeated on any theory that he has not shown title to the money.

[5] The last contention is that the contract was one for necessaries, and that therefore it could not be repudiated by the minor. It is well settled that where such a contract is for necessaries to be furnished in the future the minor may repudiate the contract, but will be liable for the necessaries which have already been furnished him. Peck v. Cain, 27 Tex. Civ. App. 38, 63 S. W. 177; Wells v. Hardy, 21 Tex. Civ. App. 454, 51 S. W. 503; Smith v. Crohn, 37 S. W. 469; 14 R. C. L. p. 254, § 33; 1 Elliott on Contracts, § 295. The value of the necessaries actually received by plaintiff was agreed upon, and the judgment rendered was only for the remainder of the money.

Judgment affirmed.