**TEXAS MILITARY COLLEGE v. TAYLOR.**
(No. 1273.)

(Court of Civil Appeals of Texas. Beaumont. July 11, 1925. Rehearing Denied Oct. 14, 1925.)

**1. Colleges and universities ⬡⟹9 — Evidence held to warrant finding that defendant's son entered college under special contract.**

In suit on notes for tuition and board of defendant's son at college, evidence *held* to warrant finding that defendant's son entered college under special contract that, if son's health would not permit him to remain there, he might withdraw without costing defendant full session tuition and board.

**2. Colleges and universities ⬡⟹9—College might make special or conditional verbal contract with parent for entrance of his child.**

College, irrespective of how widely circulated its catalogue or written terms and regulations were, and however well known by persons contemplating patronizing the school, might make binding special or conditional verbal contract with parent for entrance of his child, providing that, if child's health did not permit him to remain in college, he could withdraw without costing parent full session tuition and board.

**3. Colleges and universities ⬡⟹9—Catalogue of college constitutes written, contract between it and patron.**

Catalogue of college constitutes a written contract between it and patron, when entrance is had under its terms.

**4. Colleges and universities ⬡⟹9—In suit for board and tuition, jury's finding held not to require judgment in plaintiff's favor in view of another finding.**

In suit on notes for board and tuition of defendant's son, with defense that college specially agreed that, if son's health did not permit him to continue his studies, he might quit and college would cancel notes, that jury found that son's health improved during time while he was in college *held* not to require a judgment for plaintiff where jury found expressly that son had quit school on account of his health.

**5. Trial ⬡⟹25(8)—Defendant improperly permitted to open and close, where burden of whole case did not rest on him and no written admission was filed.**

In suit by college on notes for board and tuition furnished defendant's son, court erred in allowing defendant right to open and conclude argument before jury, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1953, and rule 31, where burden of whole case did not rest on him, and he did not make written admission at commencement of trial that plaintiff was entitled to recover on its cause of action as alleged by it, unless defeated by matters contained in defendant's answer.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Action by the Texas Military College against H. H. Taylor, with cross-action by defendant. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Thos. R. Bond, of Terrell, for appellant.
D. H. Doom, of Austin, for appellee.

HIGHTOWER, C. J. Appellant, as plaintiff below, filed this suit against the appellee on two promissory notes for the sum of $150 each, due respectively November 1, 1921, and January 15, 1922, and providing for the usual 10 per cent. interest and attorney's fees.

Appellee answered by a general demurrer, a general denial, and then specially pleaded that the consideration for both notes had failed, which plea was duly verified; that the notes were given as a part of the consideration for the tuition and board of his son, H. H. Taylor, Jr., in the Texas Military College for the sessions 1921–1922; that at the time of the execution of said notes, and as a part of the contract under which young Taylor entered the college, it was agreed between appellant and appellee that in the event of illness on the part of young Taylor, requiring his withdrawal from the college, then and in that event the notes would be canceled and returned to appellee; that at the time of the execution of the notes, and at the time of entering into the contract, young Taylor was suffering with asthma and was incapacitated for study or attendance at school, and that it was the belief of appellee that by making the change from the city of Austin to the city of Terrell, where the appellant institution is situated, the health of young Taylor would be benefited. Appellee then further alleged that it was a condition of such contract that in the event young Taylor did not improve in health, the contract for his tuition and board for the sessions 1921–1922 would be canceled, and the notes would be returned to appellee; that appellant college was fully advised of the condition of young Taylor, and agreed to acquiesce in the conditions of the contract; that the change from the city of Austin to the city of Terrell was not beneficial to young

Taylor, and that it was impossible for him to remain in the college on account of ill health; that on the 20th day of December, 1921, he did withdraw from the college, and within a few days after his arrival back at Austin it became necessary for a surgical operation upon him in order to relieve his suffering and that the condition of young Taylor's health during the time he was at appellant college was worse than it had previously been, and that the change of residence, instead of being beneficial, was a detriment to young Taylor, and that during the time young Taylor remained in the college, he was under the treatment of a physician in an effort to relieve him of his suffering; that appellee had offered, and still offers, to pay the reasonable cost of the tuition of young Taylor for the time he actually remained in the appellant college.

Appellee then further answered by a cross-action, alleging the above stated facts, and the further fact that at the time young Taylor entered appellant college appellee paid to appellant the sum of $350 in cash, and that it was specifically agreed between appellant and appellee that in the event the change was not beneficial to the health of young Taylor, and his withdrawal from the college became necessary, that appellant would refund to appellee all money paid out by him for such tuition and board. He then repeated that young Taylor's health did not improve, but continued to grow worse, and that he finally had to withdraw from the college. He prayed for the recovery of $350, less such reasonable amount as the court might find was due appellant college for the board and tuition of young Taylor while he was actually there.

Thereupon, appellant filed a supplemental petition, containing a number of special exceptions to appellee's answer, and a general denial. The exceptions were directed to all of appellee's answer that undertook to plead the special contract and conditions under which young Taylor entered the appellant college. The grounds of these exceptions were, in substance, that it was an attempt on appellee's part to contradict, modify, and alter the written contract between the parties, which was the catalogue, circulars, etc., of appellant college, which it alleged had been furnished to appellee before his son entered that institution, and that the rules and regulations and terms of tuition, etc., as contained in the catalogue, constituted all the contract between the parties, and being in writing could not be altered, varied, or contradicted by the claimed special verbal contract. There is no use in stating the pleadings at greater detail.

The facts were, in substance, that appellee's son was a chronic sufferer from asthma, and his father, who lived in Austin at the time, thought that it would be beneficial to young Taylor's health to send him to Terrell to Texas Military College. Appellee admitted that when he conceived the idea of sending his son to the appellant college he wrote for one of appellant's catalogues and acquainted and advised himself of appellant's rules and regulations and terms of tuition, board, etc., as contained in the catalogue, but that knowing that his son was a chronic sufferer from asthma, he concluded that he would go to Terrell and see if he couldn't make some special arrangement by which his son could enter the college, and that if his health would not permit him to remain there, could withdraw without costing appellee a full session's tuition and board. Appellee testified in very emphatic terms that he did make such special arrangement and contract with appellant's president, and that he declined to enter his boy under the terms of the written contract, as contained in appellant's catalogue.

On the other hand, appellant's president testified in terms equally as emphatic that he had no special contract with appellee, but that his son entered the college under the written contract contained in appellant's catalogue, circulars, etc. It was and is conceded by counsel for appellee that if appellee's son entered the college under the contract as contained in appellant's catalogue, that then appellant was entitled to recover the full amount of the notes sued on, and that the trial court would have been in error in holding otherwise. But counsel for appellee further contends that appellant had the right, if it wanted to do so, to let appellee's son enter under the special contract on account of his infirm condition, and that having done so, as contended by appellee, that appellant was as much bound by the special verbal contract as appellee would have been by the written contract, as contained in the catalogue had he entered under that contract. One of appellee's counterpropositions is, in substance, that the controlling question in the case was whether appellee's son entered under the special verbal contract, as claimed by appellee, or whether he entered under the contract and rules, regulations, etc., as contained in appellant's catalogue.

[1-3] In answer to a proper special issue, the jury found that appellee's son entered appellant college under the claimed special contract, and without discussing that issue further, we hold that the evidence was abundantly sufficient to warrant that finding by the jury, and that such contract was binding upon appellant. We do not disagree with able counsel for appellant that a catalogue of an educational institution, such as that introduced in evidence in this case, would be binding as a written contract between the school and a patron, if the student entered under the terms of the catalogue, but we see no reason why an educational institution, however widely circulated its catalogue or written terms and regulations may be, and however well known by persons contemplat-

ing patronizing the school, might not make a special or conditional verbal contract with a parent for the entrance of his child as is claimed by the appellee to have been done in this case. The legal proposition advanced by counsel for appellant that its catalogue constitutes a written contract between the educational institution and the patron, when entrance is had under its terms, cannot be questioned. Vidor v. Peacock (Tex. Civ. App.) 145 S. W. 672. We think, however, that this same case is authority for appellee's contention as to the special contract in this instance. Other cases relied upon by appellant on this proposition are Peirce v. Peacock Military College (Tex. Civ. App.) 220 S. W. 191; Aynesworth v. Peacock Military College (Tex. Civ. App.) 225 S. W. 866; Peacock Military College v. Hughes (Tex. Civ. App.) 225 S. W. 221; Peacock Military College v. Scroggins (Tex. Civ. App.) 223 S. W. 232. All these cases sustain appellant's abstract proposition that a catalogue such as the one in the instant case of an educational institution, when properly circulated and made known to patrons who enter their children under the terms thereof, will constitute a binding written contract that cannot be altered, varied or modified, in the absence of actual fraud or mistake, by verbal testimony. They hold no further than this.

[4] We think there is nothing in appellant's contention that because the jury found in answer to a special issue that young Taylor's health improved during the short while he was in the college required a judgment in its favor in this case. It was clearly alleged in one paragraph of appellee's petition that the special contract was, in substance, that if young Taylor's health was such that he could not continue his studies in appellant's institution, he would have the right to quit, and appellant would cancel the notes, etc. The jury did find, expressly, that the boy had quit school on account of the condition of his health, and this was one of the conditions pleaded by appellee upon which the notes were to be canceled.

When the verdict was in the court rendered judgment in favor of appellee against appellant for cancellation of the two notes sued on, and further rendered judgment in favor of the appellee, Taylor, for recovery of the sum of $350 paid in cash by him to appellant, less, however, the sum of $72.22, being the proportion to which appellant was entitled for the time that young Taylor remained in the college, and also in favor of appellant for the further sum of $5 due it by appellee on an open account, leaving the sum of $272.73, for which judgment was rendered in favor of the appellee against appellant, with interest thereon from the date of the judgment until paid at the rate of 6 per cent. per annum, and for costs of suit.

[5] While we agree with counsel for ap-

pellee that the evidence was amply sufficient to warrant a finding by the jury that young Taylor entered the appellant college under the terms of the special verbal contract, as alleged by appellee, and while we agree that the trial court was correct in holding that it was permissible for appellee to plead and prove that his son so entered the appellant college, yet the trial court was in error, as contended by appellant, in allowing the appellee the right to open and conclude the argument in this case before the jury. The burden of the whole case did not rest upon appellee, and, therefore, he was not entitled, under article 1953, Vernon's Civil Statutes, to open and close the argument, nor was he entitled to do so under rule 31 for the trial of causes in the district and county courts, because he did not make the written admission at the commencement of the trial that appellant was entitled to recover upon its cause of action as alleged by it, unless defeated by matter contained in the appellee's answer. No admission whatever, as the rule contemplates, was made, and as the burden of proof upon the whole case did not rest upon appellee, the trial court should not have permitted him to open and conclude the argument in this case. It was a hotly contested issue between the parties as to whether young Taylor entered under the terms of the catalogue or under the terms of the special verbal contract, as claimed by appellee. It has been held frequently in this state that the right to open and conclude the argument before a jury is a very valuable right. The authorities will be found enumerated and collated in a note under article 1953, Vernon's Civil Statutes.

For the error of the trial court in this respect, the judgment must be reversed, and the cause remanded, and it has been so ordered.