Joseph ROBINSON, Appellant,

v.

Jackie SMITH, a Minor, b/n/f, etc., et al., Appellees.

Joseph ROBINSON, Appellant,

v.

H. J. TOLLETT, Appellee.

Joseph ROBINSON, Appellant,

v.

H. J. TOLLETT, Jr., a Minor, b/n/f, etc., et al., Appellees.

Nos. 12762, 12763, 12767.

Court of Civil Appeals of Texas.

Galveston.

Nov. 11, 1954.

Vinson, Elkins, Weems & Searls and Dave McNeill, Jr., Houston, for appellant.

Helm & Jones and Raymond L. McDermott, Houston, for appellees.

CODY, Justice.

These are companion cases, and in each of them the 61st Judicial District Court of Harris County sustained the plaintiff's controverting affidavit, and overruled the defendant's plea of privilege to be sued in Fort Bend County, as being the county in which he had his residence at all material times.

The cases arose out of a collision which occurred on June 14, 1953, on Highway No. 6, in Brazoria County, between a bull belonging to defendant, and an automobile belonging to plaintiff H. J. Tollett, Sr., which was being driven by H. J. Tollett, Jr., a minor, and in which at the time Jackie Smith, a minor, was riding as a passenger. The only other allegations of the petitions which we deem proper to give are that plaintiffs each alleged that the bull, due to the negligence of defendant and his agents, was wandering at large upon the highway, and contrary to law.

The court, trying the cases without a jury, sustained plaintiffs' controverting affidavits, and overruled defendant's plea. In response to defendant's request in two of the cases, the court filed conclusions of fact and law, to which defendant duly excepted, and defendant requested additional conclusions which the court refused. The evidence in the case in which defendant made no request for the filing of conclusions of fact and law was substantially the same as the evidence in the other two cases.

The cases which bear the numbers on appeal here of 12,762 and 12,763 were tried jointly, but were not consolidated.

While only one statement of facts covering these two cases has been brought up, separate transcripts on them have been brought up. However, the parties have briefed these two appeals as though they were but one. Cause numbered here as 12,767 was tried later than the other two cases. However, the evidence in the last case is substantially the same as in the other two. The argument and authorities presented in the briefs in the last case are the same as in the other two. The parties might well have requested this Court to consider the briefs filed to cover the first two cases, as covering the last one. In the two cases briefed as though it was but one case, namely, Nos. 12,762 and 12,763, and in cause No. 12,767, the defendant has presented but a single point. The point, though worded slightly differently in defendant's brief filed in cause No. 12,767, from the way it is worded in his brief filed in causes Nos. 12,762 and 12,763, is one and the same to all intents and purposes. The point in substance is:

That the overwhelming preponderance of the testimony established that the residence of defendant at all material times was in Fort Bend County, and not in Harris County, and further established that defendant did not maintain a dual residence, one of which was in Harris County.

We overrule defendant's point in each case.

The question to be determined here is not whether the evidence before the court would sustain or even compel the conclusion that defendant had a domicile or residence in Fort Bend County. The question is rather whether there was evidence sufficient to sustain a finding that defendant maintained a second residence in Harris County. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, 138. In the cited case the Supreme Court stated "By a series of early decisions it was established that the word *domicile* as used in the first sentence of the present art. 1995 did not mean domicile but rather meant *residence*." (The emphasis is the Supreme Court's.)

Such a recent and well considered case by the Supreme Court, in which there is a comprehensive review of the decisions of the appellate courts· of this State, reduces our labor here to a mere application of the rule laid down there. The Court stated at page 140 of 241 S.W.2d (changing the format of the quotation for the sake of space): "A second residence away from a domicile within the meaning of the first sentence of art. 1995 must include the following elements: 1. A fixed place of abode within the possession of the defendant 2. occupied or intended to be occupied consistently over a substantial period of time 3. which is permanent rather than temporary."

Here the evidence showed that defendant was reared in Fort Bend County, and has been engaged in the cattle business and raising cattle on a seven thousand acre ranch in Fort Bend and Brazoria Counties since 1933. That he married in 1940 and acquired a home in Richmond, the county seat of Fort Bend; and that he separated from his wife in July of 1953, from whom he is now divorced. That his wife and child now have the home in Richmond. That shortly after the separation he rented a room and bath in the Warwick Hotel in Houston, where he sleeps at least half his time. That he has an office in Houston with a manager and receptionist therein. That he gets most of his mail there, though he gets some personal mail at the Warwick Hotel. That he looks after his brother's property interests for which he is paid,—his brother is a Houston physician. That looking after· his brother's properties keeps him on the road a good deal. That he is listed in the telephone directory of Houston as having telephones both at his office, and at the office of his brother.[1] That he belongs to three social clubs in Houston, and attends church there.

Without further elaboration, it thus appears that there was evidence from which the trial court was amply warranted in finding the first two enumerated elements essential to the finding of a second residence in Houston away from defendant's domicile in Fort Bend County. The evidence showed that his occupancy of an abode in Harris County had remained the same from the time he separated from his wife and became divorced up until the trial. Such evidence would certainly warrant the trial court in finding that the third element necessary to a second residence was present, namely, an abode in Harris County which is permanent rather than temporary.

The judgments of the trial court are affirmed.

---

1. These suits were filed after defendant had taken up his abode in Houston. Service of citation was had· upon defendant at his office in Houston.