Roy Edwin MOORE, Appellant,

v.

Gordon OLIVER, Appellee.

No. 6073.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 8, 1956.

Baker, Botts, Andrews & Shepherd, Houston, McLeroy & McLeroy, Center, for appellant.

McDaniel & Hunt, Center, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from the district court of Shelby County in a plea of privilege case. Oliver, sued Moore in Shelby County for damages for personal injuries received in an accident which occurred in Harris County. Moore filed his plea of privilege to be sued in Harris County, alleging that he was a resident of Harris County. Oliver filed his controverting plea, alleging that Moore was not an inhabitant or resident of the State of Texas within the meaning of Article 1995, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995; and that said article was inapplicable; that Moore was without standing to urge a plea of privilege and that Moore was granted

no privilege under the law to be sued in any particular county in this state; he also alleged that venue was proper in Shelby County under Subdivision 3 of said Article 1995, since Moore was a nonresident of the State of Texas and Oliver was a resident of Shelby County.

On a hearing, the trial court overruled the plea of privilege and Moore has perfected his appeal from such order and judgment.

It was developed on the hearing that both appellant and appellee were at the time of the hearing and at the time of the accident out of which the suit arose, living in Harris County. Moore, the appellant, is an Air Force Officer from Kansas, living with his wife and two children in a rented home in Harris County while he is on duty at Ellington Field in Harris County, as an officer in the U. S. Air Force. Oliver is a single man, working at a job in Harris County, living at the home of a married brother there. He was raised in Shelby, County, where he had lived all his life except the time he was away from home in the Armed Forces of the U. S. He still considers his home to be in Shelby County, and intends to return there and buy a farm as soon as he saves some money.

The appellant brings his appeal under two points, maintaining that the trial court erred in overruling his plea of privilege because (1) the undisputed evidence failed to establish that he was a non-resident of the State of Texas and (2) because the undisputed evidence failed to establish that the plaintiff below, Oliver, the appellee, was a resident of Shelby County, Texas.

The evidence on the hearing was not in dispute. The appellee relies on the following established facts in support of the trial court's ruling, overruling the plea of privilege: The appellant is a Lieutenant in the U. S. Air Force who has been in the service about six years and who is stationed at Ellington Air Force Base in Harris County, Texas; he had been stationed at Ellington Field since October, 1955; in the last five years he had been stationed at some nine posts in various states of the United States and abroad, with the longest period of time he had been stationed at any one place being approximately one and one-half years; he was married in his home town of Atchison, Kansas, about four years before the collision involved in this case; his wife is from Atchison, Kansas; he has not bought a home and is not planning on buying a home in Harris County; he considers Kansas as his permanent home and that both his mother and father live there; he does not intend to make his home in Texas but is merely renting a house in Houston; he is planning on making a career in the service; he expects to be transferred from his present base in September, 1956; he had been in the Air Force once before and after discharge he returned to Atchison, Kansas; he is assigned to Ellington Field only for a special course of instruction and that he will be transferred at the completion of such course; he knew and he has known at all times, since he was assigned to Ellington Field that his stay in Harris County was only temporary and that he does not expect to remain permanently in Harris County; the places in which he has lived since he entered the Air Force have depended upon the decisions and orders of his superior officers; he expects to take his family with him to any new station he may have, if possible; he is not free to decide where he will be stationed; he has never decided to make Texas his permanent home; the same attorney representing him in this case has filed a pleading in a federal court in a case in which defendant herein also is a party, in which it was denied that defendant herein was a resident of the State of Texas, and alleged that he was a resident of the State of Kansas on temporary duty in Harris County, Texas.

From Taylor v. Wilson, Tex.Civ. App., 93 S.W. 108, affirmed 99 Tex. 651, 93 S.W. 109, and Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, 140, it is plain that the law is now well settled that an inhabi-

tant of the State of Texas, although he may have his domicile in another state, may acquire a residence in the State of Texas insofar as the venue statute is concerned. As set forth in detail in the opinion in the case of Snyder v. Pitts, supra, the requirements which must be met before such a residence can be acquired are found in the following quotations from that decision:

"A second residence away from a domicile within the meaning of the first sentence of art. 1995 must include the following elements:

"1. A fixed place of abode within the possession of the defendant

"2. occupied or intended to be occupied consistently over a substantial period of time

"3. which is permanent rather than temporary."

If the conditions under which Lieutenant Moore was residing in Harris County do not meet the above three requirements, then the trial court was correct in overruling the plea of privilege, if the evidence showed that the appellee was a resident of Shelby County. If they do meet these requirements then the trial court was in error and the plea of privilege should have been sustained. The appellee contends that the appellant's residence as set forth in the evidence did not meet the third requirement, that is, it is shown that he had never had any intent to make his place of abode in Harris County a permanent one.

We believe that this contention is answered adversely to the appellee by the following quotation in the opinion in Snyder v. Pitts, supra: "From the fact that there can be but one domicile and several residences, we arrive at the conclusion that the element of 'intent to make it a permanent home' is not necessary to the establishment of a second residence away from the domicile." While it is true that the appellant admitted that he might soon be transferred away from Harris County on orders of his superior officers in the Air Force, nevertheless he had not at that time any present intent to move away from Harris County; he had not abandoned his plan to live in his rented home in Harris County so long as his orders kept him at Ellington Field in that county. We think this type of residence, therefore, has enough of the characteristics of permanency to lead to the conclusion that, within the meaning of the venue statute, the appellant had established a residence in Harris County, and as such could claim the benefits of the venue statute to be sued in the county of such residence.

The appellant's first point must be sustained.

Since we have concluded that the evidence did fail to establish that the appellant Moore was a non-resident of the State of Texas, the appellant's second point is of no importance in the determination of this appeal. We have considered the evidence and the authorities cited by both the appellant and appellee under this point, however, and have concluded that it should also be sustained. The plaintiff below brought his suit in Shelby County upon his allegations that the defendant below was a non-resident of the State of Texas, and that he, the plaintiff-appellee, was a resident of Shelby County and therefore could bring his suit against a non-resident in the county of plaintiff's residence. The evidence shows, however, that plaintiff-appellee Oliver was a single man, working at a job in Harris County, and residing there in the home of a married brother. While he testified that he intended to buy a farm and return to his old home in Shelby County when he saved enough money to do so and that he always considered Shelby County his home, still he had no present intent formed to return to Shelby County. See Price v. Inman, by this Court, 280 S.W.2d 779. Without going further in detail, we believe these facts require the conclusion that the appellee Oliver was shown to be a resident of Harris County,

himself, and not a resident of Shelby County, within the meaning of the venue statute.

Since we have concluded that the appellant had acquired a residence in Harris County, we believe that the trial court erred in overruling his plea of privilege, and the judgment of the trial court is reversed and judgment is here rendered sustaining the plea of privilege of the appellant to be sued in Harris County, Texas.

Reversed and rendered.