Carl T. PITTMAN, a Minor, by Next Friend, H. O. Pittman, Appellant,

v.

TIME SECURITIES et al., Appellees.

No. 13145.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1957.

James P. Wolf, Edward Anderson, Ellis M. Brown, Corpus Christi, for appellant.

Nye & Cohn, Bernard W. Schrader, Corpus Christi, for appellees.

BARROW, Justice.

This suit was brought by Carl T. Pittman, alleged to be a minor, suing by next friend, his father, H. O. Pittman, against Time Securities and "Mr." Osborne, d/b/a Osborne Motor Company. The suit was brought to rescind a contract entered into between Carl T. Pittman and Osborne Motor Company, whereby Carl Pittman purchased an automobile for the consideration of $1,236.70, with a trade-in credit of $300 and an installment chattel mortgage note in the sum of $936.70, which note and lien were transferred from Osborne Motor Company to Time Securities. The contract was made on August 28, 1955, at which time the plaintiff, Carl T. Pittman, was eighteen years old and unmarried, but he did marry on September 3, 1955, and was married at the time of the hearing in the trial court. The grounds for rescission are the alleged minority of the plaintiff, Carl T. Pittman. The suit was filed June 19, 1956.

The defendants answered by plea in abatement, setting up Section 3, Subdivision (t), Probate Code, Vernon's Tex.Civ. Stats., and that by virtue of such law the plaintiff was emancipated at the time suit was filed and therefore the suit could not be prosecuted by next friend. The court sustained the plea and dismissed the suit.

The parties will be referred to as they were in the trial court.

This decision involves the construction of Subdivision (t) of Section 3, of the Texas Probate Code, which went into effect

on January 1, 1956. The question is whether the law is of general application or applies to probate matters only. The Act in question reads as follows:

"§ 3. Definitions and Use of Terms

"When used in this Code, unless otherwise apparent from the context: * * *

"(t) 'Minors' are all persons under twenty-one years of age who have never been married, except persons under that age whose disabilities of minority have been removed generally, except as to the right to vote, in accordance with the laws of this State."

It is the contention of plaintiff that the heading of Section 3 of the Code has the effect of limiting and restricting the term "Minors" to probate matters, and does not have the effect of emancipating males under twenty-one years of age who have been married. With this contention we do not agree.

■ The purpose of the adoption of the Texas Probate Code was to codify and bring into one code all laws relating to wills, inheritances, heirship, and the administration of the estates of deceased persons, minors, persons of unsound mind and all related matters. This Code is the result of the joint labor and study of a number of eminent Texas attorneys whose labors consumed several years. As many as eight different drafts were made of the Code before its final draft was passed by the 54th Legislature. So it must be said that this legislation was carefully considered. One of the purposes of this Act was to eliminate, rather than create, confusion, uncertainty and ambiguity.

■ Under the common law, all persons under twenty-one years of age, both male and female are minors. However, the general rule that all statutes in derogation of the common law are to be strictly construed no longer exists in Texas. The

rule now is, that where the common law is inconsistent with the statutes the common law must yield. Art. 10, subd. 8, Vernon's Ann.Civ.Stats.; 3 Black, Statutory Construction, (3d Ed.) § 6205. We think the rules of construction most applicable here are that the ascertainment of the legislative intent and purpose should be paramount, that a liberal construction should be given the language used with reference to the purposes and objects of the Act. Section 3(t) should be construed together with and in the light of other provisions of the Act in pari materia, and the Act should be construed so as to avoid absurdities and inconsistencies. In State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934, 936, the Court said:

"A statute will not be construed so as to ascribe to the Legislature an intention of doing an unjust thing by its enactment, or of causing confusion thereby, if the statute is reasonably susceptible of a construction showing the Legislature's intention to have been otherwise."

In Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666, 670, ref. n. r. e., the Court said:

"We should not give to a statute such a construction as will throw the law into a state of confusion if it can be fairly said that the legislature had expressly or necessarily implied some other purpose."

Examining the numerous terms contained in the definitive section of the Act, we find all these words and phrases to be those of ordinary use, meaning and understanding, and they are defined as commonly and ordinarily understood, with the exception of those which the Legislature obviously wished to change, such as the word "Minor." That term has been defined in Article 4104, subd. 2, R.S.1925, and we think it means the same as it has heretofore meant, both inside and outside of probate matters, except that a new group of persons (married males under twenty-one

years of age) is included within the emancipating provisions. It is manifest that the limiting expression, "When used in this Code," is qualified by the further expression, "unless otherwise apparent from the context." We think these qualifying words were placed in the Act out of legislative caution to permit a liberal construction of the terms used in the light of the context. We cannot believe the Legislature intended to create such a legislative monstrosity as a strict construction of the Act would require. Such interpretation would require to be added to the expression "When used in this Code," the further words, "and nowhere else," which would mean that a person might, at one and the same time, under one and the same set of facts and circumstances, be both adult and infant.

If plaintiff's contention be correct, then a married male person under twenty-one years of age would be in this dilemma: he could not give a valid deed to real estate, he could not make a binding contract in the conduct of his business affairs, even if his estate so required. But, on the other hand, he could not have a guardian appointed by the court, because, for probate purposes only, having been married, he is not a minor. Moreover, the Code provides that he may make a will (Sec. 57), he may be an executor or administrator (Sec. 77), and is not disqualified to act as such (Sec. 78). He may qualify as guardian (Sec. 110), he shall as guardian be entitled to bring and defend suits as such (Sec. 230(b), and by Sec. 404(b) 1, it is provided that a ward's estate shall be settled and closed "when the minor dies, or becomes an adult by becoming twenty-one years of age, or by removal of disabilities of minority according to the law of this state, or by marriage." So if this subdivision be given the restricted interpretation, a married male person under twenty-one years of age could sue in a representative capacity, but could not sue in his own behalf. If he were sued both individually and as representative of an estate, he could defend the suit as representative but would require a guardian ad litem to defend him as an individual. The Code expressly authorizes persons, including both sexes, under twenty-one years of age, to execute bonds as personal representatives of an estate as executor, administrator or guardian. Vernon's Ann.Tex.Stats., Probate Code, § 200. The bond even fixes a lien against his real estate. Id. § 202. The execution of this bond would bind the personal estate of the minor, and should he be sued on the bond we would find a person fully competent to execute the bond, but incompetent to extricate himself from its possible consequences without the aid of a guardian ad litem, a person in whose selection he does not even have a voice. We cannot believe that the Legislature could have intended to mar our law with such a blemish or unworkable anomaly.

■ Article 4104, subd. 2, Vernon's Ann. Tex.Stats., under Title 69, "Guardian and Ward", reads as follows: "Females under twenty-one years of age who have never been married and males under said age are minors." This provision is prefaced as follows: "Definitions. As used in this title:"

This article, as well as all of Title 69, was expressly repealed by the Texas Probate Code, and the definition of the term "minors" is found only in Subdivision (t) of Section 3 of the Code. See Section 434, Texas Probate Code. So undoubtedly the Legislature in enacting a definition which treats both sexes alike must have intended that males as well as females by virtue of the Act be sui juris. The trial court was correct in holding that the plaintiff, Carl T. Pittman, was emancipated and could sue and be sued on January 1, 1956, consequently, this suit could not be maintained by next friend for and in his behalf.

■ Plaintiff next complains that the trial court erred in holding that the Texas

Probate Code applied to a married male minor and a party to a previously executed contract. The contention is that this would have retroactive effect. This contention is without merit. He made the contract and married while still a minor, under the law as it existed at the time. He became of age on January 1, 1956, just the same as if he had his disabilities removed by court proceeding, or had become twenty-one years of age on that date, and his rights are governed accordingly.

We do not find it necessary to pass upon plaintiff's third point, that the court ruled that the minor party to the contract lost his right of rescission based on minority. The trial court made no such ruling. This would be a matter going to the merits of the case. The trial court's judgment only dismissed the case for lack of the necessary party.

Finding no error, the judgment is affirmed.