**Jim B. WARD, Appellant,**

**v.**

**Forrest L. LAVY et al., Appellees.**

**No. 3375.**

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

Rehearing Denied June 6, 1958.

King & Willoughby, Abilene, for appellant.

Webb & Schulz, James F. Gruben, Abilene, for appellees.

GRISSOM, Chief Justice.

On August 15, 1957, there was a collision in Stonewall County between an automobile driven by Jim B. Ward and an automobile occupied by the Lavy family. The Lavys sued Ward for damages in Taylor County. Ward filed a plea of privilege to be sued in Stonewall County. In a trial to the court Ward's plea of privilege was overruled and he has appealed. Appellant's points are (1) that the court erred in overruling Ward's plea of privilege because under Article 1995, Vernon's Ann.Civ.St., he has the right to be sued in Stonewall where he has his domicile and (2) that Ward is a minor and, therefore, entitled to be sued in Stonewall where his parents have their domicile.

■ If there is any evidence of probative force from which it may be reasonably concluded that Ward has a residence in Taylor County we must affirm the judgment. In determining whether there is such evidence we can consider only that favorable to the findings of the trial court. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W. 2d 609, 613, 23 A.L.R.2d 1114. There was evidence that Jim B. Ward in July, 1957, contemplating marriage and attending school in Taylor County, rented a furnished apartment in Abilene. He married on August 2nd, and moved with his wife into said apartment. The collision occurred on August 15th. About September 18th Ward and his bride matriculated as students at Hardin-Simmons University in Taylor County and their classes began about September 20th. This suit was filed on September 28, 1957. Ward testified that he planned to attend Hardin-Simmons University for one or two years.

■ Appellees say that Jim Ward is a married man, living with his wife in Taylor County without any present intention to remove therefrom and, therefore, he has a residence in Taylor County within the meaning of the venue statutes. They say that it is immaterial whether Ward has a domicile in Stonewall County and that the question is whether there is evidence that he has a residence in Taylor County within the meaning of Article 1995. We agree that this is the controlling question. Appellees do not claim that Ward may be sued in Taylor County under any exception. On the contrary, they contend that, although Jim Ward may have his domicile in Stonewall where his parents live, and where he has a room in their home and owns property, he has a residence in Taylor County and, therefore, may be sued there under the general provisions of said article. It is established law that although a man may have only one domicile he may have several residences and he may be sued wherever he has a residence. Looking at the evidence in the light most favorable to the court's findings, as we are required to do, we are constrained to hold that there is, at least, an issue of fact as to whether Ward has a residence in Taylor County. Since the trial court has decided that issue against Ward we are not authorized to set it aside.

■ In Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, 141, the question was whether Snyder had established a second residence apart from his domicile within the meaning of the first sentence of Article 1995. It was established that Snyder had his domicile at Vernon where he had a permanent home with homestead exemption from taxes; where his wife lived, where he voted, paid his taxes, did his banking and registered his automobile. However, while he was supervising construction in different counties, for fifteen months he had his business headquarters at Dalhart where he lived in a rented room. He commuted to Vernon on weekends, holidays and when his work permitted. On one occasion his wife visited him in Dalhart for a day or two. Our Supreme Court held that such evidence supported the finding that he had established a residence in Dalhart and that he could, therefore, be sued there. It said that proof that a wife lived

in a second place of abode was evidence of establishment of a residence there apart from his domicile. It held that a rented room may be a residence within the meaning of Article 1995; that, although such a defendant must have some right of possession and not be a mere visitor, the payment of rent satisfied the requirement of a place of abode within the possession of the defendant. The court said that the three elements that must be proved to establish a second residence away from a domicile are: (1) a fixed place of abode within the possession of the defendant, (2) occupied or intended to be occupied consistently over a substantial period of time, (3) which is permanent rather than temporary. There can be no question but that the evidence is sufficient to sustain the finding in favor of the Lavys with reference to the first two elements. Number 3 has given us concern, that is, whether the second residence is shown to be permanent rather than temporary. In Snyder v. Pitts the Supreme Court called attention to the fact that Snyder had been regularly and consistently commuting between his room in Dalhart and his home in Vernon on weekends for more than fifteen months. Here Ward and wife live in the rented furnished apartment while they attend Hardin-Simmons University. They regularly go on the weekends to Stonewall County, where the parents of both reside. But Ward testified that he planned to attend Hardin-Simmons University for a year or two. In Snyder v. Pitts the court said that, although Snyder's domicile was in Vernon, Dalhart was headquarters for his business and that Snyder "had not abandoned his plan for living part time in Dalhart"; that Snyder occupied, consistently and with continuity, a fixed place of abode in Dalhart in such manner that the court could find "that he had ceased to be a visitor and that the proof supplies this element of the definition of a resident. Therefore we conclude that the trial court had some evidence upon which to base a finding that defendant's second residence in Dalhart was permanent and not temporary." Further, with reference to the third element, the court said:

"From the fact that there can be but one domicile and several residences, we arrive at the conclusion that the element of 'intent to make it a permanent home' is not necessary to the establishment of a second residence away from the domicile."

See also Pearson v. West, 97 Tex. 238, 77 S. W. 944; Moore v. Oliver, Tex.Civ. App., 295 S.W.2d 735; Robinson v. Smith, Tex.Civ.App., 272 S.W.2d 575; Kerr v. Davenport, Tex.Civ.App., 233 S.W.2d 197 and Greer v. Newton, Tex.Civ.App. 245 S.W.2d 299. Under said authorities appellant's first point must be overruled.

■ Appellant is under twenty-one years of age and asserts that he is entitled to be sued in Stonewall County where his parents have their domicile. Ordinarily, a minor's domicile is that of his parents; however, by virtue of the enactment of Section 3(t) of the Probate Code, V.A. T.S. a boy under twenty-one who marries is now deemed an adult. Appellant ably argues that this change applies only to proceedings under the probate code. The San Antonio Court of Civil Appeals in Pittman v. Time Securities, 301 S.W.2d 521 has held that it applies generally and is not restricted to proceedings under the probate code and, therefore when a boy under twenty-one marries he may be sued as an adult. We think the decision is correct. Virtually the same contention was made in Wells v. Hardy, 21 Tex.Civ. App. 454, 51 S.W. 503, 505 (Writ Ref.), with reference to a similar statute under the title Guardian and Ward. It was held to apply to all persons therein described as to all transactions that affected their estates and the contention that it applied only to proceedings under said title was overruled. See also Allstate Insurance Company v. McKenzie, 5 Cir., 246 F.2d 151, 154.

Appellant's points are overruled. The judgment is affirmed.