

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 23, 1959

Honorable Jack Hardee
District Attorney
Third Judicial District
Courthouse
Athens, Texas

Opinion No. WW-580

Re: Is a 20 year old man criminally liable under Article 1558 of the Penal Code for disposing of mortgaged cattle?

Dear Mr. Hardee:

You have asked us the following questions:

1. Is a 20 year old man criminally liable under Article 1558 of the Penal Code for disposing of mortgaged cattle?

2. If he is not liable because he is a minor, does Section 3 of the Probate Code remove that minor's disability when he marries, while he is still under the age of 21?

In Jones v. State, 20 S.W. 578 (Tex.Crim.App. 1892), the Court states that a minor cannot be held criminally responsible for selling chattels mortgaged by him, since the sale is a disaffirmance of the mortgage and the infant has a right to disaffirm a mortgage. The Penal Code (Present Article 1558) has not been changed in respect to the crime involved since the case was decided. In Acts 1929, 41st Leg., 2d C.S., p. 85, ch. 48, §1, the law was modified to include taking mortgaged property out of the county with fraudulent intent; this change does not affect the problem at hand.

As can be seen from the Jones case, if the minor did not have a right to avoid the mortgage, he would be guilty of a violation of Article 1558, Penal Code.

In 1955 the new Probate Code, effective January 1, 1956, was adopted and in Section 3(t) has a new definition of a minor:

"When used in this Code, unless otherwise apparent from the content:

. . .

(t) 'Minors' are all persons under twenty-one years of age who have never been married, except persons under that age whose disabilities of minority have been removed generally, except as to the right to vote, in accordance with the laws of this State.

. . ."

The Courts of this State have held that this definition is to be given a broad and general application and is not to be restricted to proceedings under the Probate Code. Therefore, when a boy under 21 marries he may be sued as an adult. Pittman v. Time Securities, 301 S.W.2d 521 (Tex.Civ.App. 1957), Ward v. Lavy, 314 S.W.2d 381-383 (Tex.Civ.App. 1958).

There seems to be no question that where, after January 1, 1956, a married male under 21 enters into a contract, he may be sued as an adult. It follows also that he may be convicted of violation of Article 1558, Penal Code, since he can no longer avoid the mortgage.

Where the contract was entered into prior to January 1, 1956, but payments or other acts of affirmance were made on the contract after January 1, 1956, the married minor came of age of January 1, 1956, see Pittman case, page 525 supra, and his rights are governed accordingly. Whether a person has in fact ratified a contract executed during his minority is a question of fact for the jury. Miller v. McAden, 253 S.W. 901 (Tex.Civ.App. 1923).

## SUMMARY

A 20 year old man who has never been married is not criminally liable under Article 1558 of the Penal Code for disposing of mortgaged property.

A 20 year old man, who has married, is criminally liable for disposing of mortgaged property, if the mortgage was executed after marriage and on or after January 1st, 1956.

A 20 year old man, who has married, is criminally liable for disposing of mortgaged property, although the mortgage was executed while a single man, or prior to January 1, 1956, if he in fact ratified the mortgage contract after marriage and on or after January 1, 1956.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

By  Cecil Cammack, Jr.
Assistant

CC:aw

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Leonard Passmore
C. Dean Davis
Henry G. Braswell
Marvin H. Brown, Jr.
Marvin Sentell

REVIEWED FOR THE ATTORNEY GENERAL
BY
    W. V. Geppert