

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 13, 1973

Honorable Everett L. Anschutz　　　　　Opinion No. H- 85
Executive Secretary
Employees Retirement System of Texas　Re: Effect, if any, of Senate
Box 12337 Capitol Station　　　　　　　　　　Bill 123 on benefits being
Austin, Texas 78711　　　　　　　　　　　　　paid or to be paid to minor
　　　　　　　　　　　　　　　　　　　　　　　　children of deceased em-
　　　　　　　　　　　　　　　　　　　　　　　　ployees, and related ques-
　　　　　　　　　　　　　　　　　　　　　　　　tions under Article 6228f,
Dear Mr. Anschutz:　　　　　　　　　　　　　V. T. C. S.

　　　　Your letter requesting our opinion advises:

　　　　　　　　"The State Employees Retirement System
　　　　of Texas is a constitutional state agency (Article
　　　　16, Section 62a, Constitution of Texas). The
　　　　Board of Trustees of this System is charged with
　　　　the responsibility of administering the State Em-
　　　　ployees Retirement Act (Article 6228a, Vernon's
　　　　Texas Civil Statutes). In addition to its other
　　　　duties, the Board is also given responsibility for
　　　　the administration of death benefit payments to
　　　　the surviving spouses and minor children of de-
　　　　ceased law enforcement officers and firemen.
　　　　(See Article 3, Section 51d, Constitution of Texas;
　　　　and Article 6228f, Vernon's Texas Civil Statutes.)"

　　　　You ask four specific questions, the first two of which having to do
with the effect of Senate Bill 123, 63rd Legislature (The Eighteen Year Old
Bill) are:

　　　　　　　　"1. Does Senate Bill No. 123 disqualify a
　　　　person eighteen (18) years of age or over from
　　　　continuing to receive the monthly annuity as the

p. 385

surviving minor child of the deceased law en-
forcement officer or fireman who died prior to
the effective date of Senate Bill No. 123?  If
your answer is in the affirmative, on what date
must payments be suspended?

"2.  Does Senate Bill No. 123 disqualify
a person eighteen (18) years of age and over from
receiving benefits where the law enforcement
officer or fireman dies on or after the effective
date of Senate Bill No. 123?"

Section 51-d of Article 3 of the Constitution provides that the Legis-
lature shall have the power to provide for the payment of benefits to "the
surviving spouse and minor children" of officers of police and fire depart-
ments.

Article 6228f governs assistance paid to the survivors of law enforce-
ment officers, etc., under that provision.  It defines "minor child" as
meaning a child who, on the date of the violent death of any person covered
by the Act, has not reached the age of twenty-one years.  It provides in
§ 3 that the State will pay to the surviving spouse certain benefits and, if
he is survived by a minor child or minor children the State will pay the
benefits to guardians of the children according to the number of minor
children surviving, "provided, that when any child entitled to benefits
under this Act ceases to be a minor child as that term is defined herein,
his entitlement to the benefits shall terminate. . . . "

In our opinion there is no escape from the conclusion that the statute
confers rights and benefits dependent upon legal infancy.  Indeed, in the
case of children of law enforcement officers, the statute would be unconsti-
tutional if benefits were extended on a different basis, since Article 3,
§ 51-d of the Constitution authorizes benefits for children only if they are
minors, i.e., if they are incapacitated because of legal infancy.

The definition contained in Article 6228f, § 2(a)(7) must be viewed in
that context.  Again, we must construe "has not reached the age of 21 years"

to mean "has not been emancipated from disabilities of minority", else the statute and the Constitution conflict. Were it necessary to declare the existence of a conflict, the statutory language of Art. 6228f could not control, and because persons 18 years of age or older will be emancipated by Senate Bill 123 from such disabilities after August 27, 1973, on that day they will cease to be minors within the meaning of Articles 6228a and 6228f, V. T. C. S., in our opinion. See Attorney General Opinion H-82(1973).

Your remaining questions are:

"3. May this System make payments directly to any qualified surviving minor or must payments be made through (1) the natural guardian, (2) a Court-appointed guardian, or (3) some other qualified adult?

"4. Will marriage of the minor or adoption of such minor disqualify the minor for future payments under Article 6228f, Vernon's Texas Civil Statutes?"

Minors are legal infants, without legal capacity. They are not legally qualified to act on their own behalf, generally speaking, and have no capacity to give a binding discharge for obligations due them. Hence payment of a debt to a minor will not necessarily constitute a discharge of the debt owing the minor. It ordinarily can be legally received on behalf of the minor only by a court-appointed guardian of the minor's estate. See Silber v. Southern National Life Ins. Co., 326 S. W. 2d 715 (Tex. Civ. App., 1959, writ refused).

The Board of Trustees of the State Employees Retirement System of Texas is not presently authorized, in our opinion, to pay Article 6228f benefits due minors to anyone except a person designated by a court to receive them, e.g., a court-appointed guardian of the minor's estate or a guardian appointed to receive governmental funds. See Probate Code §§ 109, 184, 228, 246, V. T. C. S. See also Article 1994, V. T. C. S.

Article 6228f § 3 says the benefits payable to children under that statute may be paid to "the duly appointed or qualified guardian or other legal representative of each minor child." We do not think these passages were intended to displace the law otherwise applicable to the property of minors.

Even natural parents are not authorized to control and manage the property of their children without specific court or statutory authority. Silber v. Southern National Life Ins. Co., supra. Such restrictions are imposed for the protection of the children. In the absence of a specific legislative intent that such protections be abrogated or of an irreconcilable conflict between the statutes (neither of which we find), we think the courts will hold that benefits for children payable under Article 6228f may not be properly paid to any person other than one lawfully designated by the court to receive such payment.

We answer your last question in the affirmative, but with a caveat regarding adoption.

The same reasoning that requires the disqualification of 18 year old children when they are no longer protected by "legal infancy" status also applies to married persons, regardless of their ages. See Ex parte Williams, 420 S. W. 2d 135 (Tex. 1967); Pittman v. Times Securities, 301 S. W. 2d 521 (Tex. Civ. App., 1957, no writ). And the children of a deceased law officer who have been adopted by someone else cease to be his children. They would not be entitled to continue receiving benefits. See Article 46a, § 9, Vernon's Texas Civil Statutes; Patton v. Shamburger, 431 S. W. 2d 506 (Tex. 1968).

## SUMMARY

Persons cease to be minors within the meaning of Article 6228f, V. T. C. S., when they are no longer under disabilities as "legal infants". After the effective date of Senate Bill 123, 63rd Leg., persons at least 18 years old will not be legal infants. Persons who are married, regardless of their age, have the status of adults. Benefits due minors under the statute cannot properly be paid directly to them but must be paid to the persons duly appointed by a court to receive them. Marriage or adoption of a minor will disqualify him from future payments under Article 6228f, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee