Carlos Javier MIJARES, Appellant,

v.

Maria Rosario PAEZ, Appellee.

No. 8658.

Court of Civil Appeals of Texas, Amarillo.

March 8, 1976.

Rehearing Denied March 29, 1976.

Woodrow W. Bean, El Paso, for appellant.

Hurley & Sowder, Madison Sowder, Lubbock, for appellee.

ROBINSON, Justice.

Plaintiff Maria Rosario Paez brought a paternity suit against Carlos Javier Mijares in Lubbock County. Defendant Mijares filed his plea of privilege alleging that El Paso County was his residence and seeking transfer of the cause to El Paso County. Defendant appeals the trial court order overruling his plea of privilege. He contends (1) that the trial court "erred in finding" that appellant resided in Lubbock County for venue purposes; (2) that the Texas Family Code Ann. § 13.41 (Supp.

1976), which became effective after this suit was filed and which places venue where the alleged father resides if the mother is the petitioner, should be applied retroactively. Affirmed.

Defendant was not a minor at any time pertinent to this suit. He testified that he enrolled in Texas Tech University in Lubbock County, Texas, in January, 1974, and was still enrolled there in the fall semester of 1975. During the spring and fall semesters of 1974 he resided in university housing. He returned to El Paso during the summer of 1974 and at Christmas. He was enrolled in Texas Tech University during both the spring and summer semesters of 1975, as well as during the fall semester of 1975 when the hearing was held.

The defendant registered to vote in Lubbock County, listing his dormitory address in Lubbock County as his home address. At the time of the hearing, he was maintaining an apartment in Lubbock where he took his meals. He was served with citation in Lubbock County.

The defendant testified that he intended to complete a bachelor's degree at Texas Tech, but that he was only in Lubbock County to go to school, that he did not like Lubbock, and that it would never be his home.

When the defendant registered to vote in Lubbock County, giving his dormitory address as his residence, he represented that Lubbock County was his "current permanent residence address." V.A.T.S. Election Code, Art. 5.13b, subd.1(8).

Furthermore, the defendant could be a resident of Lubbock County for venue purposes even if his domicile were elsewhere. Although a person may have only one domicile, he may establish more than one residence for venue purposes. Even a rented room may qualify and the intent to make a permanent home is not necessary to the establishment of a second residence away from the domicile. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136 (1951). In

*Snyder,* the Supreme Court announced a three element test to determine whether a second residence away from a domicile has been established. The proof must show that (1) the defendant possesses a fixed place of abode, (2) occupied or intended to be occupied consistently over a substantial period of time, (3) which is permanent rather than temporary.

The court in *Ward v. Lavy,* 314 S.W.2d 381 (Tex.Civ.App.—Eastland 1958, no writ) applied the Snyder test to facts similar to those before us. It held that a student at Hardin-Simmons University located in Taylor County had established residence in Taylor County for venue purposes by virtue of his enrollment in that university with the intention of remaining one or two years together with his rental of an apartment there.

We conclude that the trial court did not err in finding that the defendant was a resident of Lubbock County for venue purposes.

Since the new § 13.41 of the Family Code places venue of a paternity suit at the residence of the defendant and since the trial court found, contrary to defendant's contention, that he was a resident of Lubbock County, we do not reach defendant's contention that § 13.41 should be applied retroactively.

The order of the trial court overruling defendant's plea of privilege and retaining venue in Lubbock County is affirmed.