TRADERS & GENERAL INSURANCE COMPANY, Appellant,

v.

AMERICAN FIDELITY & CASUALTY COMPANY et al., Appellees.

No. 10627.

Court of Civil Appeals of Texas.

Austin.

March 18, 1959.

Rehearing Denied April 8, 1959.

Vinson, Elkins, Weems & Searls, Houston, Dan P. Johnston, Dallas, Thomas B. Weatherly, Gaius G. Gannon, Jr., Houston, for appellant.

McLeod, Mills, Shirley & Alexander, Galveston, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the trial court that appellant was liable for one half of a $34,000 judgment theretofore rendered.

▪ Both appellant and appellee defended the original suit by Duff under an agreement between themselves that they would litigate later the question as to whether appellant's policy had any application, and the question of waiver or estoppel is not in this case because of the agreement and stipulation by and between the appellant and appellee that the suit might be jointly defended and the question of coverage decided later. Travelers Indemnity Co. v. American Indemnity Co., Tex.Civ.App., 315 S.W.2d 677.

James Edward Duff obtained a judgment for $34,000 against Leonard Mizell, who held two policies of insurance, one with the American Fidelity & Casualty Company and the other with Traders & General Insurance Company.

Appellee takes the position that the trial court's judgment awarding judgment against appellant for contribution must be apparent on either or both of two grounds: (1) waiver and estoppel because of the

investigation of and defense of the original suit, and (2) that both policies covered the accident that gave rise to the original suit.

As above stated both companies defended the original suit by Duff under an agreement between themselves that they would litigate later the question as to the coverage. The letter agreement is as follows:

"Plaintiff's Exhibit No. 39
June 8, 1956
"Traders & General Insurance Company
Shell Building
Houston 2, Texas
"Re: 751981—James E. Duff vs. Mizell Truck Line—Your File No.: MCPL–374748
"Attention: Mr. K. O. Gillespie
"Dear Mr. Gillespie:
"This will confirm our recent discussion of the above suit which is being defended by Mr. Frank Knapp of Butler, Binion, Rice & Cook in our behalf.
"As you know, a default judgment was entered against the assured in this matter and was later set aside. At that time we turned the defense over to Mr. Knapp.
"Hence it is our opinion that the coverage provided by your policy is applicable to this accident, we agreed with you that your company would participate on an equal basis in the investigation and legal defense of this suit. By copy of this letter we are so advising Mr. Knapp with the request that he keep you fully advised.
"We further agreed that after the matter was fully investigated and additional evidence obtained, we would further review the case with the end in view at that time of determining the liability of your company and ours with reference to this accident and suit. We are furnishing you copies of the statements that we have already obtained and I am asking Mr. Eugene W. Lary of our office to get in touch with you to determine what further investigation should be made by the respective companies.
"Thank you for your cooperation in this matter.

"If the above does not fully cover our agreement, please advise. I am enclosing an extra copy of this letter for Mr. Dan P. Johnston.

"Yours very truly,
/s/ J. R. Anderson
J. R. Anderson

"JRA/mc Enc.
c. c.: Mr. Frank Knapp,
Butler, Binion, Rice & Cook
c. c.: Home Office—W. J. Qualls"

Mr. Anderson testified in regard to the letter as follows:

"Q. Well, you did have an agreement prior to June 8, some time, whereby you all were going to defend the case together? A. Yes, that's right.

"Q. And share the expenses of the trial? A. Yes, the investigation and legal cost.

"Q. And attorneys' fees? A. Yes, sir.

"Q. Was that agreement consummated? A. Yes.

"Q. It was actually carried out between American F & C and Traders & General Insurance Company? A. Yes.

"Q. I assume from what you said a while ago about getting Mr. Gillespie to stand still long enough, that you had your dealings with him representing Traders & General? A. Yes.

\* \* \* \* \* \*

"Q. The point I am making is this, at the time you all entered upon the defense of this case together, you both were fully apprised and had knowledge of the fact that as between you, you had an argument between you as to whose policy covered it or whether or not both of your policies covered it? A. Yes, that's right.

\* \* \* \* \* \*

"Q. Let me rephrase it. Your agreement was that you all were to investigate it, defend it and to reserve your rights as to whose policy applied until you could see down the line what it was coming to, whose policy actually applied? A. Yes. Well, we could reach no agreement at that time on whose policy applied, so we agreed to investigate and defend it, and at some time in the future argue further about who had the coverage.

"Q. And that's what we're doing right now? A. Yes, sir."

We do not believe that waiver and estoppel, because of the common defense of the original suit, is an issue in this case between the two companies.

Appellee, the American, cannot claim waiver and estoppel since they expressly agreed that the suit might be jointly defended by the two insurance companies and the question of coverage decided later, and this is the question to be determined in this appeal. Travelers Indemnity Co. v. American Indemnity Co., supra; Traders & General Insurance Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142; City of Wichita Falls v. Travelers Insurance Co., Tex.Civ.App., 137 S.W.2d 170, 177, er. dism., judgm. cor.

In the City of Wichita Falls v. Travelers Insurance Co., supra, on agreement to jointly defend a lawsuit and determine later whether there was liability on the part of the insurance company, and after an adverse judgment, the city sued the insurance company to recover on the policy, contending that the company had waived its rights to insist on the terms of the contract by its participation in the defense of the prior suit, it was held that:

"It occurs to us that where a dispute arises between parties, as was done in this case, going to the liability of one or the other, and the parties fairly enter into an agreement to work out preliminary matters, even by the joint

trial of a case which may or may not disclose liability or non-liability, they would have the right, as was done here, to do so without waiving their respective rights to rely upon the provisions of the original contract. * *"

The court found that the policies of the two companies offered overlapping coverage and entered a joint and several judgment against both companies.

The American has paid the entire judgment and under its terms is entitled to contribution for one half of this amount from Traders & General, and it is from this judgment that the appeal is taken.

The rights of Duff are in no way involved in this appeal. The rights of Mizell are not material since the judgment has been paid.

Mizell is in the oil field trucking business, with his principal place of business at Ganado, Jackson County, Texas. In his business Mizell operated many trucks. He carried two policies of liability insurance, both of which were in force at the time of the injury to Duff. One of these was an automobile liability policy issued by American and insuring the use of the winch truck which was involved in the injuries to Duff and which was one of a fleet of trucks, and also insured Mizell's employees as "additional insured" when operating his trucks with permission.

Mizell's policy of insurance with Traders & General excluded the use of automobiles and liability coverage therefor. The policy insured only Mizell and not his employees, and may be generally described as a premises-operations policy.

It was stipulated that the winch truck, out of the operation of which the accident arose, belonged to Mizell and was listed as one of the insured vehicles in the American policy.

It thus appears that the questions involved in this appeal are:

(1) Did the injuries to Duff arise out of a hazard covered by the Traders & General policy so as to afford Mizell duplicate coverage under both American's and Traders & General's policies? ·

(2) Even if there was duplicate coverage, should American pay the whole judgment since its policy provided sufficient insurance for the negligent employee of Mizell (who is primarily responsible to Duff for his claim) to fully satisfy the judgment?

It is the position of Traders & General that the trial court was correct in entering judgment for the total amount against American, but that it erred in holding that the Traders & General policy applied, and in entering a joint judgment, or any kind of judgment, against it. The basis of this contention is two-fold:

(1) Traders & General's policy applied only to hazards or risks incident to the use by Mizell or his employees of premises of Mizell Construction Company, and to his operations—other than automobiles. By its terms, the policy specifically excluded any hazards arising out of the use, operation or maintenance of automobiles which were already insured by Mizell through American; therefore, since Duff's injuries arose out of the use of a winch truck, they are not covered under Traders & General's policy.

(2) Even if Traders & General's policy applied, since this accident occurred because of the negligent operation by Mizell's employee of a winch truck insured under American's policy, Traders & General is entitled to indemnity for one half of the judgment from American as prayed for in the trial court. This, because Mizell would be entitled to indemnity from his servant— and, therefore, from American because the servant is an additional insured under the American automobile policy.

The appeal is founded on two assignments of error and are:

"First Point of Error: The court erred in entering judgment for any amount against Traders & General Insurance Company for the reason that its policy did not afford any coverage for the accident or hazard made the basis of Duff's suit against Mizell for bodily injuries.

"Second Point of Error: In the alternative, the court erred in not granting Traders & General Insurance Company indemnity over against American Fidelity & Casualty Insurance Company for such amounts as it may have to pay under the judgment of the court."

More closely the question for determination is whether or not Traders & General's policy applied as well as American's policy.

■ In an effort to decide this, the contract between Mizell and Traders & General must be read in full and given effect to all of its terms, and the prime consideration for determination, based on the contract, is what the intentions were of the parties thereto insofar as what both parties intended to cover by the terms thereof. Insurance, Vol. 24-B, Tex.Jur., Sec. 27, p. 91.

■ In the declarations and the insuring agreements of the Traders & General policy it is seen that its coverages are written to afford two types of insurance "(b) Bodily Injury Liability-except Automobile" and "(d) Property Damage Liability-except Automobile" and liability for automobiles are not covered.

Under coverage (b) the contract provides that Traders & General:

"to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

Under coverage (a) Traders & General obligates itself:

"to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile."

Mizell had sufficient coverage with American to cover liability involving bodily injuries arising out of the use of automobiles.

"It is proper to consider coverages in the policy that have been rejected by the insured as an aid in ascertaining the extent of the coverage purchased." Iowa Mutual Insurance Co. v. Faulkner, Tex., 300 S.W.2d 639, 642.

The liability imposed on Mizell arose out of the use of a truck which the policy of Traders & General did not cover.

Mizell insured his automobiles with American and paid the premiums in excess of $36,000. The premium paid to Traders & General was about $900. There was no showing that Mizell owned or controlled the premises where the accident occurred, which was three or four acres in Montgomery County, Texas, a jobsite used by Peters Drilling Company, who had finished a well and the rig was being dismantled by employees of Peters Drilling Company and being loaded onto Mizell's truck.

The policy Mizell had with Traders & General was to give Mizell coverage for accidents occurring on his premises at Ganado, Texas, or other premises that Mizell might acquire.

Mizell did not either own or rent the premises where the accident occurred or had control of same in the sense of having dominion over it.

The word "control" has been defined in State v. Camper, Tex.Civ.App., 261 S.W.2d 465, and in cases cited therein.

Since American has paid the judgment and in view of our holding that Traders & General is not liable under the terms of their policy, we see no need to discuss the second point concerning the failure of the court to grant indemnity over and against American for such amounts as Traders & General may have to pay under the judgment, and we do not do so, but do cite Home Indemnity Co. v. Humble Oil & Refining Co., Tex.Civ.App., 314 S.W.2d 861, holding approved by our Supreme Court, 317 S.W.2d 515, as determinative of the question of indemnity against one primarily liable for a case in favor of one only secondarily responsible.

The judgment of the trial court is reversed and judgment is here rendered in favor of Traders § General Insurance Company.

Reversed and rendered.