### DETERLY v. WELLS et al.

### No. 11351.

Court of Civil Appeals of Texas. Dallas.

Oct. 1, 1932.

Rehearing Denied Oct. 29, 1932.

848

Allen & Allen and R. B. Humphrey, all of Dallas, for appellant.

McBride, O'Donnell & Hamilton, of Dallas, and A. W. Parshley, of Longview, for appellees.

LOONEY, J.

This appeal is from an order of the court below dismissing the petition of Madero Hilburn to remove his disabilities as a minor; the court holding that it was without jurisdiction in that the residence of said minor was in the county of Gregg and not in Dallas county.

The agreed facts in short are these: The minor was above the age of 19 years prior to the filing of said petition. Gregg county was the residence and domicile of both his father and mother prior to his father's death on January 29, 1917, continued to be the domicile and residence of his mother until she and Clarence Wells were married on November 3, 1917, and has since continued to be their domicile and residence. The minor married in Gregg county on June 21, 1931, with the consent of his mother, but after a short period he and his wife separated but are not divorced. Said minor had never undertaken to reside elsewhere than in Gregg county until about ten days prior to the filing of his said petition, when he came to Dallas county with the intention of establishing his residence and domicile in said county, and of engaging in business, and with that view contracted to purchase a filling station in the city of Dallas, and has since operated the same. That neither his mother nor his stepfather was a party to his contract to purchase the oil or filling station nor consented thereto, nor did either of them consent to his attempt to change his residence or domicile from Gregg county. The mother of said minor was appointed legal guardian of his person and estate by the probate court of Gregg county during the month of November, 1930, and is still serving in said capacity.

█ The only question presented is, Did the minor, Madero Hilburn, possess legal capacity to form the intention necessary to effectuate a change of his domicile from Gregg to Dallas county? If so, his petition was properly filed in the district court of Dallas county; otherwise said court was without jurisdiction and its judgment refus-

ing to take jurisdiction was correct and must be affirmed.

In view of the general rules that control in such situation (see Wheeler v. Hollis, 19 Tex. 529, 70 Am. Dec. 363; Trammell v. Trammell, 20 Tex. 407), and especially in view of the decision of our Supreme Court in G., C. & S. F. Ry. Co. v. Lemons, 109 Tex. 248, 249, 206 S. W. 75, 77, 5 A. L. R. 943, we find no difficulty in approving the action of the trial court. After quoting from authorities the general rule to the effect that minors are deemed incapable of changing their domicile, the court said: "It is obvious that the disability of a minor to effect a change of domicile by act of his will rests at least in large measure on his presumed lack of capacity to form the intention, which is the all-important element in effecting such a change, and the law makes no distinction with respect to this lack of capacity at the varying stages of minority; the presumption being the same at 18 years as at 18 months." This doctrine is fully sustained by the authorities, and in our opinion is decisive of the question before us. Finding no error in the judgment of the court below, the same is affirmed.

**Affirmed.**