**SWITZERLAND GEN. INS. CO., Limited, v. GULF INS. CO. et al.**

No. 13937.

Court of Civil Appeals of Texas. Dallas.

July 9, 1948.

Rehearing Denied July 30, 1948.

162

Freeman, Wolf, Keith & Milam, of Sherman, and Gullett & Gullett, of Denison, for appellant.

Strasburger, Price, Holland, Kelton & Miller and Royal H. Brin, Jr., all of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment of a District Court of Grayson County, Texas, for debt by way of equitable subrogation and assignment to the plaintiff-appellees (three fire insurance companies) against the defendant-appellant (another fire insurance company), growing out of a fire damage suffered by an insured holding insurance policies of each of the four companies.

On November 28, 1941, a fire occurred at a dwelling house owned by a Mr. John H. Perry, located at Belden Street in the City of Sherman, Texas, damaging Mr. Perry's personal property located therein to the extent of $916.47. Mr. Perry had purchased the property for his family homestead; had removed some of his household effects into the house, intending, on the following December 1st, 1941, to move and occupy the premises as his permanent residence.

At the time of the fire and for some years prior thereto, Mr. Perry owned and had his home at Wood Street, Sherman, living therein with his family; and had his personal effects, household and kitchen furniture, while located therein, including that removed to the new address, insured with the plaintiffs, Gulf Insurance Company, National-Ben Franklin Fire Insurance Company, and Employers Fire Insurance Company, in various amounts; at the same time, the insured had a policy of insurance in full force with the defendant, Switzerland General Insurance Company, Ltd., covering all unscheduled personal property belonging to Mr. Perry, wherever located in the State of Texas, except such as shall be located "in or on the premises of the domicile or other permanent residence of the assured."

After the fire, all four of the insurance companies denied liability. Each plaintiff-company claims that its policy did not apply to the loss sustained by Mr. Perry, because under its coverage the loss or damage to insured's property was limited to the Wood Street location,—an entirely different location from that where the fire occurred; and that its coverage had never been transferred, nor had its agent ever been asked to transfer such coverage; nor had it accepted notice of removal, in whole or in part, to fasten liability on it. The defendant-company claims that its policy did not apply because it expressly excluded coverage of loss by fire or other casualty of all unscheduled personal property of the insured located in any "permanent residence" of the insured; and that, the loss having occurred at his permanent residence, no liability attached perforce of its policy. Under such circumstances and "in order to prevent an honest insured from being unduly inconvenienced, and also to preserve the good name of insurance companies * * *," the plaintiff-companies proratably paid to Mr. Perry the total amount of his loss, amounting to $916.47; and, "for valuable consideration," obtained written assignments from Mr. Perry of all his rights under the policy as against the defendant; and, in reliance thereon, the assignees instituted this suit.

On the above related facts (brought forward in agreed statement of facts in this appeal), the trial court entered judgment in favor of the plaintiffs for the sum of $916.-47, prorated among them in proportion to the amount each paid to the insured.

As we view the record, there is but one question for decision: Was it error for the trial court to enter judgment decreeing that the defendant is liable to the insured on its policy of insurance for fire loss or damage to the insured's property while such property was in and on the premises owned by the insured which he intended to use and occupy as his "permanent residence," but into which, on account of the fire in question, he or his family had not moved? If the defendant was liable to the insured for loss or damage claimed, "for valuable consideration" the claim was assignable, irrespective of any equitable right of sub-

rogation which the plaintiffs may have had, founded on their payment of the insured's loss "in order to prevent an honest insured from being unduly inconvenienced, and also to preserve the good name of insurance companies." The consideration for such assignments is cognizable only to the assignor and assignees, whether or not such be cash, or equitable business goodwill and convenience of the insured and said insurers.

In determining the question involved as to the "domicile" or "permanent residence" of the insured, such must be disposed of on its own peculiar facts, interpreted in the light of the contract. The word "residence" itself is susceptible of different meanings; the word "domicile" has only one. "Residence" may mean a temporary, permanent, or transient character; or it may mean one's fixed abode, depending upon the purpose of the particular object of its use; while "domicile" is a fixed, permanent abode. "Residence" and "domicile" are not synonymous. "To effect a change of domicile there must be actual residence in the new place and an accompanying intent to make it the real, true, fixed home." 13 Words and Phrases, Perm.Ed., page 281. A person may have as many residences as he may choose, but can have but one domicile. "Residence" does not imply permanency, as does the word "domicile." Id. The term "residence," relating to constitutional and statutory residence, as spoken of in connection with the right of a person to vote, or homestead exemption, or other legal residence, has the meaning in the light of the object or purpose of such laws in which the term is employed. The constitutional "homestead of a family" (Art. 16, sec. 51, State Constitution, Vernon's Ann.St.), may or may not be one's residence or place of abode. Such "homestead" need not be occupied or used by the family. The Constitution defines the homestead, describing the property of which it shall consist, and this definition has been carried into the Revised Statutes (R.S.1925, Art. 3833). The word "residence," as used in contracts, usually is considered to mean the place where one resides,—an abode, a dwelling or habitation. It is the actual place of living and may not be the site of one's legal homestead or domicile. To accomplish a change of either domicile or residence, there must not only be the intention to establish a new place of abode, but also the further fact of actual physical removal thereto and living in or on the established new home. The intention of making a new home, a place of abode or dwelling, without actually moving and living therein, although legally designated as one's exempt homestead, does not in fact constitute such place as one's domicile or residence. The term "permanent residence" signifies a party's permanent home, a settled and fixed abode, where the party has established himself therein by bodily presence, with the intention to make such place his domicile, or permanent residence.

So, we think the terms "permanent residence" and "domicile" as used in defendant's insurance policy, limiting liability from loss or damage to property located in and on such premises, signifies the place where the insured is actually living, and not a place where he intended to move and establish his legal residence. The fire loss having occurred in and on premises not used or occupied by the insured as his domicile, or permanent residence, the insured had a justiciable cause of action; and, for valuable consideration, such cause having been assigned to the plaintiff-companies, the judgment of the court below is affirmed.