The TRAVELERS INDEMNITY COMPANY,
Appellant,

v.

AMERICAN INDEMNITY COMPANY,
Appellee.

No. 15923.

Court of Civil Appeals of Texas.

Fort Worth.

June 13, 1958.

Rehearing Denied Sept. 12, 1958.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, and David M. Kendall, Jr., Dallas, for appellant.

Nelson, Montgomery, Robertson & Sellers, and Otis E. Nelson, Jr., Wichita Falls, for appellee.

BOYD, Justice.

The Travelers Indemnity Company appeals from a judgment in favor of American Indemnity Company for a pro rata share of a settlement it had made with an injured third person and for $325 attorney's fees. Both parties had issued policies of public liability and property damage insurance which potentially afforded coverage to Harvey Lee Burke. As a result of a collision on June 7, 1953, in which a truck driven by Burke, and owned by his father, was involved, Burke was

killed, and Childress, who was injured in the collision, brought suit against Burke's estate. Both appellant and appellee were duly notified of the accident and demand was made upon them to take over and defend any claims arising therefrom. Appellant denied liability, but appellee undertook the defense of the suit. A tentative agreement was reached between appellee and Childress for a settlement for $5,690; whereupon appellee and appellant entered into a written contract agreeing that Burke's negligence was the sole proximate cause of the accident; that the settlement was reasonable, just and fair; and that appellee should have full authority to settle the case for that amount, whereupon the case would be dismissed with prejudice. The agreement continued:

"It is further agreed that such settlement made by the American Indemnity Company shall be without prejudice to its right to file in its own name or in the Name of the legal representative of the Estate of Harvey Lee Burke, as shown in cause No. 10208 a suit against The Travelers Indemnity Company for contribution to the settlement figure in such proportion as is provided under the terms and provisions of its policy hereinafter described, nor shall the same operate as a waiver of such cause of action by American Indemnity Company against The Travelers Indemnity Company.

"It is further agreed that by signing this instrument that The Travelers Indemnity Company waives no defense to any action brought against it by American Indemnity Company or their representative for contribution except that the issue of negligence and liability on the part of Harvey Lee Burke shall be foreclosed by this agreement."

Appellee paid the $5,690 in settlement of the suit.

Appellant contends that: (1) its policy provided only for excess insurance; (2) even if it did provide for pro rata coverage,

appellee's voluntary payment of the entire amount does not afford it a cause of action against appellant; (3) appellant's policy did not cover the truck in question because it was owned by a member of Burke's household; and (4) in no event was appellee entitled to recover attorney's fees.

We think appellant's execution of the written agreement destroyed its defense of voluntary payment.

We cannot agree with appellant that it was liable only for excess insurance over all other valid and collectible insurance.

The policy issued by appellant contained the following provision: "If the insured has other insurance against the loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss;" there was a provision that the coverage for medical payments should be excess insurance over any other valid and collectible medical payments insurance applicable to the automobile; and the policy contained this exception: "2. The insurance does not apply: (a) to any automobile owned by the named insured or a member of his household * * *." The recovery sought by Childress and paid by appellee was not medical payments insurance, but for personal injuries and property damage.

Appellant says that it was shown without contradiction that at the time of the accident in question Burke was driving an automobile belonging to a member of his household; and if that was not conclusively shown, then the burden was on appellee to show that the automobile was not owned by a member of Burke's household; whereas, the court put the burden on appellant to prove that the car was owned by a member of the household.

The court submitted the following issues and the jury made the following answers:

"Special Issue No. 1: Do you find from a preponderance of the evidence that at the time and upon the occasion in question Harvey Lee Burke and W. H. Burke, his father, were members of the same household, as that term is herein defined? Answer. They were not members of the same household. Special Issue No. 2: Do you find from a preponderance of the evidence that at the time of the accident on or about June 7, 1953, Harvey Lee Burke had not moved into the residence of W. H. Burke, his father? Answer. He had not moved into the residence."

We think the burden of proof would have been on appellee in issue No. 1 if the issue had been material and necessary. Under Rule 94, Texas Rules of Civil Procedure, appellant was required to plead the exclusions to the coverage of its policy, but that Rule provides "that nothing herein shall be construed to change the burden of proof on such issue as it now exists." Prior to the enactment of the Rule, it was held that the insured had the burden of pleading and proving that his cause was not excluded. The Rule now requires the insurer to enumerate the exclusions upon which it relies; but it seems that the insured still has the burden of showing that the loss does not come within one of the pleaded exceptions. Sublett v. American Nat. Ins. Co., Tex.Civ.App., 230 S.W.2d 601; Maryland Casualty Co. v. Hopper, Tex.Civ. App., 237 S.W.2d 411. But we think it was conclusively shown that the truck Burke was driving at the time of the accident was not owned by a member of his household, and that therefore any error in the submission of the issue was harmless.

The evidence showed that Burke was about thirty-four years of age; he was married in 1939 and was divorced in November, 1952; during the marriage he lived with his wife and children in a home belonging to Burke and his wife; shortly before the divorce, he began living in his parents' home in Vernon, having conveyed his interest in the community home to his wife; he stayed in his parents' home five or six months, and then went to Corsicana and worked a month or more, returning to his parents' home, where he lived for another month or two; while there he worked in his parents' grocery store; about three months before his death, Burke began working in Wichita Falls, about 50 miles from Vernon; while in Wichita Falls he stayed at the Earle Hotel; according to his mother's testimony, he moved all of his "belongings" to the Earle Hotel; according to his father's testimony, Burke took his clothes, guns, and some of his books to Wichita Falls; sometimes he worked on weekends; when he did not work, he usually spent the weekends with his parents; on Friday or Saturday before his death on Sunday night, Burke went to his parents' home; on Sunday afternoon, while his parents were away from home, Burke drove his father's truck to Wichita Falls, leaving a note advising that he had gone after his clothes; he had previously told his father that it would be less expensive to live in Vernon and commute to Wichita Falls; he had not said that to his mother; he was welcome to stay at his parents' home any time he wanted to; he had his father's consent to drive the truck at any time; he was killed while driving from Wichita Falls in the direction of Vernon; his clothes were in the truck; it was not shown whether he left any of his belongings in the Earle Hotel.

In Barrett v. Commercial Standard Ins. Co., Tex.Civ.App., 145 S.W.2d 315, 318, this court said: " 'Household' is defined by Webster's New International Dictionary as: 'Those who dwell under the same roof and compose a family; a domestic establishment; family.' Murray's Oxford Dictionary says: 'The members of a house collectively; an organized family, including servants or attendants dwelling in a house; a domestic establishment.' To the same effect is the Century Dictionary. The foregoing definitions were relied upon by the court in Ocean Accident & Guaranty Co., Ltd. v. Schmidt, 6 Cir., 46 F.2d 269. That

court also cites Arthur v. Morgan, 112 U.S. 495, 499, 5 S.Ct. 241, 243, 28 L.Ed. 825, wherein it is said: 'Persons who dwell together as a family constitute a "household." ' " A "family" has been defined as "such persons as habitually reside under one roof and form one domestic circle." Johnson v. State Farm Mutual Automobile Ins. Co., 8 Cir., 252 F.2d 158, 161.

Harvey Lee did not at the time of the accident dwell under the same roof with his father, and had not done so for three months. We do not think it can be said that he was a member of his father's family or household, or that his father was a member of Harvey Lee's family or household, but, on the contrary, we think it is inescapable that Harvey Lee and his father were not members of the same household, and that it was harmless error to submit any issue on the point.

■ We sustain appellant's contention that attorney's fees were not recoverable in this suit. Unless provided by contract or statute, attorney's fees may not be recovered. William Cameron & Co. v. American Surety Co. of New York, Tex. Com.App., 55 S.W.2d 1032. Appellee does not claim any contractual right to attorney's fees. And we do not think this is such a claim as is contemplated by Article 2226, Vernon's Ann.Civ.St., wherein it is provided that "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts," may recover a reasonable amount as attorney's fees. We do not think appellee's suit invokes the application of the statute.

The judgment of the trial court is reformed by eliminating the recovery of $325 as attorney's fees, and, as reformed, the judgment is affirmed. The costs of the appeal are adjudged one-half against appellant and one-half against appellee.