**TRAVELERS INDEMNITY COMPANY,**
Appellant,

v.

**J. L. MATTOX, Appellee.**

No. 7271.

Court of Civil Appeals of Texas.

Texarkana.

March 14, 1961.

Rehearing Denied April 11, 1961.

David M. Kendall, Jr., Thompson, Knight, Wright, & Simmons, Dallas, Charles A. Allen, Marshall, for appellant.

Jones, Brian & Jones, Marshall, for appellee.

DAVIS, Justice.

In February of 1958, Charles Morton Hayner, a boy 17 years old, resident of Karnack, Harrison County, Texas, got into some trouble and quit school. On March 5, 1958, he went to Terrell, Texas, to work for a brother who was in the filling station business. He carried only his work clothes, leaving at G. H. Hayner's, his father, his good bluejeans, all of his dress clothes, his dress shoes, rifle and shotgun, and about everything else of his personal belongings. Prior to his leaving, G. H. Hayner talked to him about finishing high school, and he was of the opinion that he would return and finish high school the next year, provided a change of teachers was made at the school.

On April 14, 1958, G. H. Hayner purchased an automobile liability insurance policy from The Travelers Indemnity Company, with a limit of $5,000 coverage for injuries sustained by one person. The policy covered a 1958 Plymouth automobile, and insured G. H. Hayner and any relative living with G. H. Hayner. The policy was brought more than a month after Charles Morton Hayner had left the residence of his father to work in Terrell, but it carried additional coverage so as to include Charles Morton Hayner.

On June 16, 1958, Charles Morton Hayner, while staying with his parents and driving an uninsured 1958 Chevrolet automobile, was involved in an accident in which the minor daughter of J. L. Mattox was killed. There was no question of liability as to the coverage of the policy so far as the Chevrolet automobile is concerned.

Suit was filed against Charles Morton Hayner and T. J. Taylor. The Travelers Indemnity Company was given notice of the accident in plenty of time to have defended the suit. The Travelers Indemnity Company decided that young Hayner was not a resident of his father's household and refused to defend the same. Charles Morton Hayner filed an answer under his own name, but because of his minority an attorney was appointed as guardian ad litem for him.

On August 14, 1958, he plead guilty to a charge of negligent homicide before a County Judge of Harrison County. In August, 1958, he registered with the Draft Board at Marshall, Harrison County, Texas, and gave his address as Route 1, Karnack, Texas. On January 3, 1959, he secured a marriage license in Kaufman County, Texas, and was married on January 4, 1959. At the time of his marriage he was past eighteen years of age.

On February 11, 1959, the case of J. L. Mattox and wife against Charles Morton Hayner and T. J. Taylor came on for trial. At that time Charles Morton Hayner announced to the court that he was married,

he had become of age as a matter of law, and that an attorney of Terrell, Texas, would represent him in the case. After the case was tried and had been submitted to the jury, J. L. Mattox and wife announced to the court that they had settled the differences between them, with the covenant to no further prosecute their suit against him. Whereupon Charles Morton Hayner filed a written agreement that the case could be withdrawn from the jury, and that the trial court should enter judgment thereon. A judgment was rendered against Charles Morton Hayner in the sum of $22,500, with 6% interest thereon from date until paid. No appeal was taken from the judgment.

On July 3, 1959 J. L. Mattox, plaintiff, sued The Travelers Indemnity Company, defendant, on the policy issued to G. H. Hayner. The defendant Indemnity Company specifically denied any liability for the reason that Charles Morton Hayner, a relative of G. H. Hayner, was not a resident of the same household as G. H. Hayner, and further because the policy provided:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial, or by written agreement of the insured, the claimant and the company."

Charles Morton Hayner filed a plea of intervention in the case and adopted the pleadings of J. L. Mattox, in which he alleged that the judgment taken against him was directly and proximately caused by the failure and refusal of the Indemnity Company to defend the suit against him.

The case was tried before a jury, and in response to the special issues submitted, the jury found on June 16, 1958, Charles Morton Hayner was a resident of the same household with G. H. Hayner; and, that there was an actual trial of the case brought by J. L. Mattox and wife against Charles Mor-

ton Hayner. Judgment was entered against The Travelers Indemnity Company for $5,000, and it has perfected its appeal.

■ Appellant brings forward four points of error in which it complains of the action of the trial court in submitting Issues 1 and 2 because there is no evidence, and that the answers of the jury to such issues are against the great weight and preponderance of the evidence. The evidence supports the statements hereinabove set out. There is definitely sufficient evidence to support the jury findings. The appellant argues in its brief that Charles Morton Hayner was residing in Terrell, Texas, at the time of the collision. It relies upon the case of The Travelers Indemnity Company v. American Indemnity Co., Tex.Civ.App., 315 S.W.2d 677, n.w.h. In that case a divorced man was involved in the accident while driving an automobile belonging to his father. The decision went off on the theory that such divorced driver was not a member of the household of his father, and the decision of the trial court was affirmed. In this case there is a distinct difference. Charles Morton Hayner was 17 years of age at the time of the accident. It is well-settled law that "residence" is a lesser included element within the technical definition of the much broader term "domicile". Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136. If young Hayner had his domicile at the house of his father, G. H. Hayner, it follows that he had a residence there also, even though he may have at the same time, other residences. If he had a residence there, then he was a resident of the same household with the named insured in appellant's policy. Switzerland General Ins. Co. Limited v. Gulf Ins. Co., Tex.Civ.App., 213 S.W.2d 161, err. dism.; Stone et al. v. Phillips, Tex.Civ.App., 171 S.W.2d 156, affirmed 142 Tex. 216, 176 S.W.2d 932; and Major et al. v. Loy et al., Tex.Civ.App., 155 S.W.2d 617, n.w.h. Much has been written on the residence and domicile of minor children. Sivalls v. United States, 5 Cir., 205 F.2d 444. It has always been held that the domicile of a minor child is that of the father. It is fixed by law. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. A minor cannot change his domicile, Deterly v. Wells, et al., Tex.Civ.App., 53 S.W.2d 847, err. ref.; and Gulf, C. & S. F. Ry. Co. v. Lemons, 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943. Whether or not the place of residence of Charles Morton Hayner was in the same household with his father was a matter of fact. There was plenty of evidence to support the jury's findings until such time as Charles Morton Hayner became married on January 4, 1959. Prior to his marriage his residence was with his father. Cal-Farm Ins. Co. v. Boisseranc, 151 Cal.App.2d 775, 312 P.2d 401; Ward v. Lavy et al., Tex.Civ.App., 314 S.W.2d 381, wr. ref., n.r.e.; Pittman v. Time Securities et al., Tex.Civ.App., 301 S.W.2d 521, n.w.h.; Allstate Insurance Co. v. McKenzie, 5 Cir., 246 F.2d 151.

■ We think that the refusal of the appellant to defend the suit constituted a breach of its contract. 49 A.L.R.2d 711, sec. 7. Therefore, we doubt the validity of the 3rd and 4th points of error relative to the 2nd issue of the court's charge as to whether or not there was an actual trial of the case. Our Probate Code, Sec. 3(t), Vernon's Ann.Texas Civ.St., reads as follows:

> "3(t) 'Minors' are all persons under twenty-one years of age who have never been married, except persons under that age whose disabilities of minority have been removed generally, except as to the right to vote, in accordance with the laws of this State."

We think that under this Statute and the decisions in Ward v. Lavy, supra, and Pittman v. Time Securities et al., supra, that Charles Morton Hayner became an adult person for all purposes except to vote on January 4, 1959, the date he was married. Appellant admits the holding in the Pittman case. It cites in support of its contention the case of Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795. After his marriage, Charles Morton Hayner filed an amended answer and admissions in the case. There

was actually a trial. The trial court used the exact definition of the term set out in Lawyers Lloyds of Texas et al. v. Webb et al., 137 Tex. 107, 152 S.W.2d 1096, in submitting the issue to the jury. The jury answered the issue in the affirmative. There was plenty of evidence to support the jury finding.

Appellant's points are overruled, and the judgment of the trial court is affirmed.