453 F.2d 372
 Alex BEDNARZ, Administrator of the Estate of John Alex
Bednarz, Deceased, Plaintiff-Appellee, and Will O.
Kelly and wife, Eathul Kelly,
Intervenors-Appellees,
v.
The CONTINENTAL INSURANCE COMPANY, Defendant-Appellant.
 No. 71-2651 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 7, 1972.
 
 Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, Tex., for appellant.
 Bob Gibbons, Plainview, Tex., for John Alex Bednarz.
 James L. Gallagher, El Paso, Tex., for plaintiff-appellee; Scott, Hulse, Marshall & Feuille, El Paso, Tex., of counsel.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 The sole question presented in this appeal is whether the daughter of appellee Bednarz was on August 22, 1968, "a resident of the same household" as her father under the terms of an insurance contract. The district court answered in the negative and we affirm.
 
 
 2
 On August 22, 1968, Bednarz's minor son was driving an automobile owned by his sister in which she was riding as a passenger. This automobile was involved in an accident with an automobile driven by Eathul Kelly in which Will O. Kelly was a passenger. The son was killed in the accident. The Kellys filed suit against appellee Bednarz as administrator of his son's estate.
 
 
 3
 The automobile in question, owned by the daughter, was insured under a contract with the Texas Farm Bureau. The issue presented concerns whether the insurance contract of the father with appellant Continental affords excess coverage through the incident of the son driving the daughter's automobile at the time of the accident.
 
 
 4
 Appellee Bednarz, as administrator, filed suit against Continental seeking a declaratory judgment that excess coverage was due from Continental. The answer turns on whether the daughter's automobile was a "non-owned automobile" under the contract issued by Continental to Bednarz. In order for the daughter's automobile to be a "non-owned automobile" under the contract and for the son, as a member of the household, to have been insured while driving it at the time of the accident, the contract requires that the daughter not be a "resident of the same household."
 
 
 5
 The facts in the case were stipulated and the matter was tried by the court without a jury. The court found that the daughter had graduated from Texas Tech University in June of 1968. During the spring of 1968, she had traveled to Pueblo, Colorado, to seek full-time employment as a public school teacher. Her trip was a success in that she signed a contract to teach beginning in the fall of 1968. Following graduation she spent the summer in Slaton, Texas, at the home of her parents where she was then and had been residing.
 
 
 6
 The court found that the daughter left Slaton on August 22, 1968, and proceeded up until the time of the accident towards Pueblo. She traveled in her own automobile which was driven by her younger brother. The parents followed in a truck. The car and truck contained essentially everything that the daughter owned. The court found that the daughter had left Slaton with the intention of making Pueblo her permanent residence and had no intention of returning to her father's home to live.
 
 
 7
 Following the accident which occurred in Colorado, the daughter was hospitalized for some time and then returned to her parents' home for recuperation. As soon as she was physically able, she moved to Pueblo and commenced her work as a school teacher.
 
 
 8
 The district court found that the daughter was not a resident of her father's household as she had left that home with no intent to return and was en route to her new residence in Pueblo. The court then held that the son was covered under the terms of the continental contract. We conclude that this holding is amply supported by the record and is in no wise contrary to the appertaining law.
 
 
 9
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I