**HARTFORD CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Barbara Smith PHILLIPS, Individually and as Personal Representative of the Estate of Jerry Glenn Phillips, Appellee.**

No. 8618.

Court of Civil Appeals of Texas, Texarkana.

Nov. 7, 1978.

Rehearing Denied Dec. 5, 1978.

John M. Skrhak, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

James E. Brown, Briggs & Brown, Dallas, for appellee.

HUTCHINSON, Justice.

This case involves the question of coverage under the uninsured motorist provisions of a policy of automobile liability insurance. Appellee is the named insured and seeks recovery of damages for bodily injuries sustained by her son, Jerry Glenn Phillips, as a result of an accident caused by an uninsured motorist. Trial was to a jury which found in response to a special issue that Jerry Glenn Phillips was a "resident of the same household" as Barbara Smith Phillips, appellee here. Appellant insurance company here contends that Jerry Glenn Phillips was not such a resident as a matter of law; that there is no evidence to support the jury finding; that there is insufficient evidence to support such finding; and that such finding is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. These points will be considered together.

At the outset it should be noted that the charge to the jury does not attempt to explain or instruct upon what constitutes a "resident of the same household" nor does it

appear that a request for such was made and no complaint is now made in this Court of the trial court's failure to give such an instruction. It should also be noted that at the time of his death Jerry Glenn Phillips was only fourteen years of age.

Appellee, Barbara Smith Phillips, the mother of Jerry Glenn Phillips, and Jerry Leon Phillips, the father of Jerry Glenn Phillips, were divorced in 1964 and custody was placed with appellee. However, in 1965, without a change in the custody order, Jerry Glenn, through an agreement by his parents, went to live with his father. It appears that appellee had only a one bedroom apartment and the father had a two story home with ample space for a separate bedroom for Jerry Glenn, such home being located within twelve blocks of the school that Jerry Glenn attended. Appellee's apartment was not within the school district and the home address of Jerry Glenn for school purposes was that of his father. He had his meals and kept his clothes at his father's house except when visiting his mother. He also kept extra clothes at his mother's apartment. The father claimed Jerry Glenn as a dependent on his income tax returns. The school directory listed his address as that of his father. The medical, hospital, physician records and police report reflected that he resided with his father. His mother bought all of his clothing and provided his food when he was at her apartment. His father testified that he stayed with both him and his mother, appellee. The jury found as a fact that Jerry Glenn was a resident of his mother's household and the court entered judgment for appellee mother.

In considering a "no evidence" point of error, this Court is required to consider only that evidence which supports the finding and then in its most favorable light. As to an "insufficient evidence" point, it is the duty of this Court to consider and weigh all of the evidence in the case and remand the cause only if it concludes that the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). At this point, however, it should first be

noted that appellee was the legal custodian of the child, that the child was only fourteen years of age and that a person, particularly a child, can have more than one "residence" as distinguished from a "domicile." *Travelers Indemnity Company v. Mattox*, 345 S.W.2d 290 (Tex.Civ.App.Texarkana 1961, writ ref'd); *Travelers Insurance Company v. Mixon*, 118 Ga.App. 31, 162 S.E.2d 830 (1968); *Taylor v. State Farm Mutual Auto. Ins. Co.*, 248 La. 246, 178 So.2d 238 (1965). As stated in the *Mixon* case, supra, a person may, and many do, have more than one residence. This seems particularly true of a minor child of divorced or estranged parents.

It must first be determined if there is "any" and secondly "sufficient" evidence to support the jury's finding of "resident" as opposed to "only residence" or "resident exclusively" or "resident for a greater part of the time." From a review of the entire record, we find there is sufficient evidence to support the jury finding. Appellant relies heavily upon the cases of *Boon v. Premier Insurance Company*, 519 S.W.2d 703 (Tex.Civ.App.Texarkana 1975, no writ); *Travelers Indemnity Co. v. American Indemnity Co.*, 315 S.W.2d 677 (Tex.Civ.App. Fort Worth 1958, no writ); and *Southern Farm Bureau Casualty Ins. Co. v. Kimball*, 552 S.W.2d 207 (Tex.Civ.App.Waco 1977, writ ref'd n. r. e.). Each of these cases involved *adults* as distinguished from *minor children*. In *Boon*, supra, the husband and wife were separated, divorce suit filed, and there was positive and uncontradicted evidence of "no intent to resume living together." In *Travelers Indemnity Co. v. American Indemnity Co.*, supra, a grown divorced son and father of three children was killed in a motor vehicle accident while moving clothes to his father's home and the court held him not to be a resident of his father's household. In *Southern Farm Bureau Casualty Ins. Co. v. Kimball*, supra, a husband and wife were separated but were still seeing each other and reconsidering their separation and the court held that a jury finding of "resident of same household" was not against the great weight and preponderance of the evidence. We do not think these cases involving adults are necessarily

determinative here. Therefore, appellant's points of error Nos. 1 through 6 are overruled.

It is quite evident that a finding by the court or jury that Jerry Glenn was a "resident" of his father's household would be adequately supported by the evidence. However, such a finding would not necessarily foreclose and prevent a finding that he was also a "resident" of his mother's household. The mother, appellee, remained his legal custodian, contributed to his support, he regularly spent time with her in her apartment and kept some clothes there. Appellee as his legal custodian, had she so desired, could legally have required him to remain under her roof full time. The fact that for what apparently she and his father jointly felt would be for his best interest, would not within itself as a matter of law prevent him from being a "resident" of her household. From the entire record, we are unable to say that the complained of jury finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant's points of error 7 and 8 have been considered and no reversible error is shown.

The judgment of the trial court is affirmed.