STATE FARM MUTUAL AUTOMOBILE INS. CO., Appellant,

v.

Ms. Hanh Thi Dinh NGUYEN, and Dr. Bay Van Nguyen, Individually and as Next Friend of His Deceased Infant Daughter, Appellees.

No. 01–94–01024–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 29, 1996.

Jack McKinley, Christine Kirchner, Houston, for appellant.

Allen H. Kline, Jr., Dana Andrew LeJune, Houston, for appellees.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

We must decide whether the family member exclusion in appellees' automobile liability insurance policy applies and, therefore, limits the amount of their recovery. We must also decide whether their child, whose entire six-day life was spent in a hospital, was a "resident" of appellees' "household." We hold that the child was a resident of the household and that the family member exclusion limits appellees' recovery to $20,000. Therefore, we reform the summary judgment by reducing it from $100,000 to $20,000, and as so reformed, we affirm the judgment.

State Farm issued appellees an automobile liability policy, with policy limits on liability of $100,000. In 1992, Mrs. Nguyen, who was pregnant, was in a car accident. She sustained injuries that resulted in an emergency cesarean section. A daughter was born. She lived for six days but then died from her injuries in the accident. It is undisputed that the child spent her life in the hospital and never went home to her parents' house.

Dr. Nguyen sued his wife for the child's wrongful death caused by her negligent driving. State Farm defended the lawsuit. The trial court rendered a $100,000 judgment against Mrs. Nguyen. Dr. Nguyen, as third party beneficiary, and Mrs. Nguyen, as insured, sought insurance coverage from State Farm for the amount of judgment. State Farm denied coverage under the family member exclusion in the policy and filed a declaratory judgment action. The Nguyens brought a counterclaim, also asking for a declaratory judgment of coverage under the policy.

State Farm and the Nguyens filed motions for summary judgment. The Nguyens asserted that the family member exclusion in the policy did not apply to the facts of this case because their child never resided in Mrs. Nguyen's household. In the alternative, the Nguyens asserted that, if their child were considered a resident of the household, the exclusion is void because it leaves Mrs. Nguyen uninsured, contrary to the statutory public policy that all drivers be insured. Therefore, the Nguyens contend, they are entitled to recover the policy limits of $100,000.

State Farm contends that the family member exclusion denied all coverage, or alternatively, if the family member exclusion was void up to the minimum statutory limits of $20,000, then it still excluded coverage in excess of the minimum limits.

■ The judgment states that the family member exclusion is inapplicable to these facts. We conclude from this language that the trial court granted summary judgment on the Nguyens' first ground, that the exclusion did not apply because their infant daughter was never a resident of their household. When, as here, the order states the ground relied on for the judgment, the summary judgment can be affirmed only if that ground is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). Therefore, we will consider only that ground.

After this summary judgment was granted in the trial court, the supreme court ruled that the family member exclusion was valid. *Liberty Mut. Fire Ins. Co. v. Sanford*, 879 S.W.2d 9, 10 (Tex.1994); *National County Mut. Fire Ins. Co. v Johnson*, 879 S.W.2d 1, 5 (Tex.1993). In both cases, the scope of the court's judgment was determined by the concurring and dissenting opinion of Justice Cornyn, which concluded that the family

member exclusion is invalid only to the extent it conflicts with the minimum liability limit of the Texas Safety Responsibility Act, former Tex.Rev.Civ.Stat.Ann. art. 6701h, § 1(10).[1] *Sanford*, 879 S.W.2d at 10; *Johnson*, 879 S.W.2d at 5 n. 1. The applicable statutory minimum limit is $20,000. Tex. Rev.Civ.Stat.Ann. art. 6701h, § 1(10). Thus, if the family member exclusion applies, State Farm's liability cannot exceed $20,000.

■ In point of error two, State Farm contends that, to the extent it is valid, the family member exclusion applies and precludes coverage because the infant was a resident of Mrs. Nguyen's household.

The policy excludes liability coverage "for [the insured] or any family member for bodily injury to [the insured] or any family member." "Family member" is defined as:

[A] person related to you [the insured] by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household, and also includes your spouse even when not a resident of your household during a period of separation in contemplation of divorce.

The parties cite Texas and other cases deciding whether an injured person was a resident of an insured's household. These cases all determined whether the insured's household *or some other household* was the injured person's residence. No case cited presents the unique facts of this case, in which there is no competing household. There are three possibilities: 1) the child was a resident of the Nguyens' household; 2) the child was a resident of the hospital; or 3) the child established no residence before she died.

We first review Texas cases. In *Southern Farm Bureau Casualty Ins. Co. v. Kimball*, 552 S.W.2d 207, 210 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.), the court held the evidence showed that the insured's wife was a resident of the same household because

their separation was not permanent. It declared:

The controlling test of whether persons are residents of the same household at a particular time, within the meaning of the policy in question, is not *solely* whether they are then residing together under one roof. The real test is whether the absence of the party of interest from the household of the alleged insured is intended to be permanent or only temporary—*i.e.*, whether there is physical absence coupled with an intent not to return.

*Id.* at 208 (emphasis in the original); *see also Bednarz v. Continental Ins. Co.*, 453 F.2d 372, 373 (5th Cir.1972) (applying Texas law and holding daughter was not a resident of the same household as her father (the insured) because she had left home with no intent to return and was en route to new residence in a different state).

In *Travelers Indem. Co. v. Mattox*, 345 S.W.2d 290, 292 (Tex.Civ.App.—Texarkana 1961, writ ref'd n.r.e.), the minor son was a resident of the same household as his father, the insured. The son had left high school and moved away, but had left most personal belongings at his father's; the son intended to return home to finish high school the following year, if different teachers were employed. *Id.* at 290.

In *Travelers Indem. Co. v. American Indem. Co.*, 315 S.W.2d 677, 680–81 (Tex.Civ. App.—Fort Worth 1958, no writ), the adult son of an insured had not lived in the insured's (father's) home for three months before the accident; therefore, he was not a "member" of his father's household.[2]

In *Hartford Casualty Ins. Co. v. Phillips*, 575 S.W.2d 62, 63 (Tex.Civ.App.—Texarkana 1978, no writ), a 14–year-old boy was held to be a resident of the same household as his mother, the insured. The parents were divorced and the mother had legal custody, but the child lived by agreement with the father. *Id.* The boy continued to visit his mother and kept clothing at her apartment. The

---

1. Act of May 28, 1983, 68th Leg., R.S., ch. 535, § 1, 1983 Tex.Gen.Laws 3122, 3124, *repealed by* Act of April 21, 1995, 74th Leg.R.S., ch. 165, § 24(a), 1995 Tex.Gen.Laws 1870, 1871 (to be codified in the Texas Transportation Code).

2. The insurance policy used the term "member" rather than "resident."

court stated that a child can have more than one "residence," especially a minor child of divorced or estranged parents. *Id.* Thus, the court distinguished cases deciding the residency of adults from those deciding the residency of children. *Id.* at 63–64.

Other states' courts have struggled with the issue of residency under an insurance contract. In *Pamperin v. Milwaukee Mut. Ins. Co.*, 55 Wis.2d 27, 197 N.W.2d 783, 788 (1972), the court held that whether a person is a resident or member of a household in this context depends on: (1) living under the same roof; (2) in a close, intimate, and informal relationship; and (3) when the intended duration is likely to be substantial and consistent with the informality of the relationship. The court noted that no one factor is controlling, but that the elements must combine to establish the relationship. *Id.* 197 N.W.2d at 789. The court stated that living under one roof is neither the sole nor the controlling test of whether a person is a resident or member of a household. *Id.* at 787. The intended duration of the relationship is a necessary element whether the attempt is to show the creation or termination of the relationship. *Id.*

Other state courts have used the test pronounced in *Pamperin.* See, e.g., *American Family Mut. Ins. Co. v. Thiem*, 498 N.W.2d 279, 282 (Minn.Ct.App.1993), *aff'd in part, rev'd in part*, 503 N.W.2d 789 (Minn.1993); *Farmers Ins. Co. v. Oliver*, 154 Ariz. 174, 741 P.2d 307, 311 (App.1987); *State Farm Mut. Auto. Ins. Co. v. Johnson*, 151 Ariz. 591, 729 P.2d 945, 946 (App.1986). The court in *Thiem* added that the "duration of the stay" factor should be applied broadly to the relationship of the persons to each other and to the household, rather than to the length of time of the visits. 498 N.W.2d at 283. And in *Farmers Ins. Co. v. Oliver*, 154 Ariz. 174, 741 P.2d 307, 312 (App.1987), the court cited the residency test used in *Pamperin* and added, "[When] the person whose residency

is in question is a minor, generally the intention that is material is that of the person or entity with legal custody." *Id.* 741 P.2d at 311.[3]

The Nebraska Supreme Court defined "resident of the insured's household" as "one who dwells or has an abode under the same roof as the named insureds for a duration of sufficient length so that the occupiers can be said to compose a family." *Amco Ins. Co. v. Norton*, 243 Neb. 444, 500 N.W.2d 542, 546–47 (1993). The court listed several factors to be considered, including, but not limited to, the intent of the parties, the formality of the relationship between the person in question and the members of the named insured's household, the permanence or transient nature of that person's residence therein, the absence or existence of another place of lodging for that person, and the age and self-sufficiency of that person. *Id.* 500 N.W.2d at 547.

Appellees rely on *Johnson*, 729 P.2d at 946, which held that the exclusion for any family member of the insured residing in the same household did not apply to a newlywed spouse (the plaintiff) who had not lived with the insured before marriage and had not yet begun living with him after marriage. The court reasoned that a household is not created if the people involved never lived together. *Id.* at 946–47. The court concluded that no fact issue arose as to whether the plaintiff was residing in the same household as her husband because she never had the opportunity to start living with him. *Id.* at 948. *Johnson* resembles this case because in each, the injured person never resided with the insured, although the intention to do so was clear. However, *Johnson* is distinguishable from this case because, unlike the wife in *Johnson*, the Nguyens' child did not have another established residence.

The cases above recognize that the duration of stay, the relationship between the parties, and the parties' intent are factors to

---

**3.** This is consistent with Texas statutory law governing a child's residency in other contexts. *See* Tex.Fam.Code Ann. § 263.001(a)(2) (Vernon Pamph.1996) (defining "child's home" as "the place of residence of at least one of the child's parents" for purposes of placing children under care of state child protective agencies). The same statute defines "household" as "a unit com-

posed of persons living together in the same dwelling, without regard to whether they are related to each other." *Id.* at (a)(3). Neither provision was in effect when this case was decided in the trial court. Moreover, section 263.001 does not apply to this case. Its definitions apply only "in this chapter," which is Chapter 263 of the Family Code.

be considered. Again, all the cases involved an injured person who lived elsewhere. We agree with the *Norton* court, which stated " 'resident' is an elastic and amorphous word having different shades of meaning depending upon the context in which it is employed." 500 N.W.2d at 546. Moreover, we consider the last two factors in *Norton* to be especially significant here, the age and self-sufficiency of the injured person and the absence of another lodging. *Id.* at 547. Both favor a finding that the child was a resident of Mrs. Nguyen's household.

If we were to hold that the child was not a resident of the Nguyens' household, we would have to conclude that she had no residence. Clearly, she was not a resident of the hospital. While she was there for all six days of her short life, there was no intention that she remain there upon recovery; the intention was that she would reside with the Nguyens. Here, the child could have but one residence, that of her parents, the insureds, for the purpose of determining the application of the family member exclusion. *See Norton,* 500 N.W.2d at 547.

Because the child was a resident of Mrs. Nguyen's household, the family member exclusion applies, to the extent it is valid under *Johnson,* to exclude Mrs. Nguyen from coverage. Therefore, the trial court erred in granting summary judgment against State Farm for $100,000. Instead, the trial court should have rendered judgment against State Farm for $20,000 in favor of Dr. Nguyen. *Johnson,* 879 S.W.2d at 5, n. 1.

State Farm's first[4] and second points of error are sustained.

We need not address point of error three.

We reform and render judgment that Dr. Nguyen recover $20,000 against State Farm.[5] As so reformed, the judgment is affirmed.

---

4. Point one contends the trial court erred by granting judgment against State Farm above the statutory minimum limit of $20,000, because the exclusion is void only to the extent that it denies coverage of liability insurance required by law. The supreme court so held in *Johnson,* 879 S.W.2d at 5, n. 1.

5. State Farm contends it has already paid the $20,000, but our record does not disclose that. If it has, procedures exist to assure that it receives the appropriate credit on the judgment.