484

## CIRCUIT COURT OF THE CITY OF NORFOLK

Michael B. Harrell, Adm'r

v.

Shelby Casualty Ins. Co. et al.

May 6, 2002

Case No. (Law) L01-2243

BY JUDGE EVERETT A. MARTIN, JR.

This declaratory judgment action comes before the court on stipulated facts and cross-motions for summary judgment. The motion of Shelby Casualty Insurance Company ("Shelby") is granted; that of the plaintiff is denied.

On May 5, 2000, Charlene Harrell, then pregnant, stepped onto Butt Station Road in Chesapeake and was struck by a motor vehicle driven by Nathaniel Gonzales. The child she was carrying was delivered that same day at a Norfolk hospital and named Cherylann Harrell. Both the mother and the daughter died of injuries received in the motor vehicle accident. The mother died May 7 and the daughter died May 16. Cherylann Harrell was a patient in two hospitals her entire life.

On the date of the accident, Charlene Harrell resided at 1000 Bowling Green Trail, Chesapeake, with her husband, Michael, and their son. They all intended to continue residing there with Cherylann Harrell after her birth.

Michael and Charlene Harrell were the named insureds under a homeowner's insurance policy Shelby issued that was in effect at the time in question. Michael Harrell qualified as the administrator of the estate of Cherylann Harrell. He has made a claim against Shelby for medical expense and liability coverage on behalf of his decedent based upon the alleged negligence of Charlene Harrell. Shelby has denied the claim.

The plaintiff claims coverage under these portions of the policy:

## SECTION II — LIABILITY COVERAGES

COVERAGE E — Personal Liability

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** . . . caused by an **occurrence** to which this coverage applies, we will:

¶ 1. pay up to our limit of liability for the damages for which the **insured** is legally liable;

COVERAGE F — Medical Payments to Others

We will pay the necessary medical expenses that are incurred or medically ascertained within three years of an accident causing **bodily injury**. . . . This coverage does not apply to you or to regular residents of your household. . . .

Shelby relies upon this exclusion in denying the plaintiff's liability coverage claim:

## SECTION II — EXCLUSIONS

2. Coverage E — Personal Liability does not apply to bodily injury. . . .

f. **bodily injury** to you or an **insured** within the meaning of part a. or b. of "**insured**" as defined.

The "DEFINITIONS" section of the policy defines "**insured**" as:

3. "**insured**" means you and residents of your household who are:
a. your relatives.

There is no dispute that Cherylann Harrell's death was a "bodily injury" caused by an "occurrence." Liability coverage will thus exist unless Cherylann Harrell was a resident of her parents' household.

The Supreme Court of Virginia has never construed the phrase "residents of your household" on facts quite like these, but the construction it has given similar phrases in other cases resolves the question to my satisfaction. In *State Farm Mutual Auto. Ins. Co.* v. *Smith*, 206 Va. 280, 142 S.E.2d 562 (1965), the Court construed "household" as "a settled status," and:

, a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof, a collective body of persons living together within one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness.

206 Va. 285, n..6, 142 S.E.2d 565-66, n. 6.

Under this definition a hospital is not a "household."

In a subsequent case construing a similar phrase, the Court held "a person's intent is important in determining whether he qualifies as a resident of a particular household," and "residence emphasizes membership in a group rather than an attachment to a building." *Allstate Ins. Co.* v. *Patterson*, 231 Va. 358, 363, 344 S.E.2d 890, 893 (1986). In the case of an unemancipated minor, the parents' intent must also be considered. *USAA Casualty Ins. Co.* v. *Hensley*, 251 Va. 177, 465 S.E.2d 791 (1996).

As Cherylann Harrell was unemancipated she could not establish her own residence. Code of Virginia § 16.1-334(5); *Hensley, supra.* Two possibilities remain. She was not a member of any household, as the plaintiff contends, or she was a member of her parents' household, as Shelby contends.

Her hospital registration form, Stipulated Exhibit E, lists her parents' address as her "permanent address." Her death certificate, Stipulated Exhibit B, lists her parents' address as her "residence." Stipulated Fact No. 8 is:

That at all times relevant to this matter, Michael J. Harrell, Charlene Ryan Harrell, and Charles Dillon Harrell intended to continue living at 1000 Bowling Green Trail, Chesapeake, Virginia, as an intact family unit and intended to continue living there following the birth of Cherylann Lisa Harrell, together with Cherylann Lisa Harrell, as a family.

The facts establish that, at the time of her death, Cherylann Harrell was a resident of her parents' household. An infant of this age is incapable of forming any intent about her place of residence, and the parents' intent is almost conclusive. Furthermore, a parent has a duty imposed by statute and natural law to support and protect his legitimate children. Code of Virginia § 31-1; Blackstone, *Commentaries on the Laws of England*, vol. 1, pp. 446-48, 450. It cannot be said that during her short life this child had no residence.

On almost identical facts, the Texas Court of Appeals reached the same conclusion. *State Farm Mutual Auto. Ins. Co.* v. *Nguyen*, 920 S.W.2d 409 (Tex. App. 1996).

The plaintiff has not claimed that the use of the adjective "regular" in the limitation of the medical payments coverage requires a different result, nor do I believe it does.

## Order

For the reasons stated in the Court's letter of May 6, 2002, the motion for summary judgment of Shelby Casualty Insurance Company is granted and that of Michael B. Harrell is denied, and this action is hereby dismissed with prejudice.