# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00144-CV

**Catherine Johnen, Individually and as Next Friend
of Marie Sidatt, a Minor, Appellant**

**v.**

**State Farm Mutual Automobile Insurance Company, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. GN302328, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In this automobile insurance coverage case, Catherine Johnen, individually and as next friend of Marie Sidatt, a minor, appeals from a summary judgment granted in favor of State Farm Mutual Automobile Insurance Company. In two issues, Johnen contends that the district court erred because: first, a genuine issue of material fact exists concerning whether the State Farm automobile policy in question provided underinsured motorist ("UIM") coverage; and second, assuming that UIM coverage was available, the payment of liability limits under the policy did not preclude payment of UIM benefits. Because we find that there is no genuine issue of material fact concerning the written rejection of UIM coverage and that UIM coverage was not in effect at the time of the accident made the basis of this suit, we affirm the judgment of the district court.

## BACKGROUND

On July 4, 2001, Marie Sidatt, Johnen's minor daughter, was a passenger in an automobile driven by Megan Peace. When Peace turned from a driveway onto a road, an automobile driven by Jonathan Sands collided with her vehicle. Sidatt was severely injured in the collision. State Farm, the insurer for Peace and her parents, and Sands's insurer paid to Johnen the liability limits for the policies, $100,000 and $20,000, respectively.

Johnen additionally sought UIM benefits under the Peaces' policy. State Farm first sent a written rejection of UIM coverage, effective in February 2002. Johnen then requested proof of a waiver in effect at the time of the collision. State Farm sent a letter to Johnen stating that although the agent's office said that the Peaces rejected UIM coverage on their original application for insurance, State Farm did not have a copy of the application and was therefore adding UIM coverage for the claim. State Farm stated, however, that payment of the liability limits precluded payment of any UIM benefits. Johnen then brought this suit against State Farm for UIM benefits.

State Farm filed a motion for summary judgment on the grounds that the Peaces rejected UIM coverage before the collision and, even if coverage did exist, payment of the liability limits reduced available UIM benefits to zero. Among the exhibits attached to State Farm's motion were affidavits of the insureds, Lealean and Dianne Peace, Megan's parents, stating that they had waived UIM coverage before the collision occurred; affidavits of two State Farm representatives stating that UIM coverage was not in effect at the time of the collision; and a copy of the policy and the declarations page in effect at the time of the collision, which did not include UIM coverage. Johnen filed a cross-motion for partial summary judgment on the ground that payment of liability

2

limits for the negligence of Megan Peace did not extinguish the availability of UIM coverage. Johnen also filed a response to State Farm's motion for summary judgment, alleging that because State Farm presented conflicting documents, a genuine issue of material fact existed concerning the written rejection of UIM coverage.

The district court, in its final judgment, granted State Farm's motion for summary judgment in full, finding that: (i) no genuine issue of material fact existed; (ii) UIM coverage was rejected in writing; (iii) no UIM coverage was in effect at the time of the collision; and (iv) payment of liability limits exhausted any UIM benefits available under the Peaces' policy. It is from this final judgment that Johnen appeals.

## ANALYSIS

Johnen and State Farm filed rule 166a(c) motions for summary judgment. The standards for review of a rule 166a(c) summary judgment are well established: the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 645-46 (Tex. 2000); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

Generally, a party cannot appeal the denial of a motion for summary judgment because it is an interlocutory order and thus not appealable. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). However, when both parties move for summary judgment and the district court grants one motion and denies the other, the unsuccessful party may appeal both the granting of the prevailing party's motion and the denial of its own. *See Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). We review the summary judgment evidence presented by both sides,

3

determine all questions presented, and render such judgment as the trial court should have rendered. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997).

In deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Nixon*, 690 S.W.2d at 548-49. When, as here, the summary judgment states the ground or grounds on which the district court based its decision to render summary judgment, we will affirm the summary judgment if any one of those grounds is meritorious. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *State Farm Mut. Auto. Ins. Co. v. Nguyen*, 920 S.W.2d 409, 410 (Tex. App.—Houston [1st Dist.] 1996, no writ).

In her first issue, Johnen contends that because a genuine issue of material fact exists concerning the "validity and authenticity of State Farm's conflicting statements, admissions, and documents," the district court erred in granting summary judgment in favor of State Farm. In support of its motion for summary judgment, State Farm attached affidavits of the Peaces and two State Farm representatives, with supporting documents. In evaluating State Farm's evidence, we are mindful of rule of civil procedure 166a(c), which provides, in pertinent part: "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). Regardless of the type of summary proof produced, "[t]he movant . . . must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his

4

cause of action or defense as a matter of law." *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). These requirements make clear that State Farm's evidence must not only be free from internal inconsistencies but also support the grounds asserted in its summary judgment motion.

Johnen's basis for the alleged conflicting statements is State Farm's letter of April 4, 2003, in which it stated that because it did not have the Peaces' original application for insurance, it also did not have a written rejection of UIM coverage and therefore was adding the coverage to the Peaces' policy for this claim. After Johnen filed suit, State Farm presented evidence in its motion for summary judgment, supported by uncontroverted affidavits, demonstrating that the Peaces had indeed rejected UIM coverage before the collision: (i) the Peaces' original application for insurance, dated January 15, 1990, which includes UIM coverage; (ii) Dianne Peace's affidavit, stating that she had rejected UIM coverage in September 2000, with a copy of her September 6, 2000 letter to State Farm, asking that UIM coverage be removed; and (iii) the Peaces' automobile insurance declarations page, in effect at the time of the collision, which does not include UIM coverage.

Simply because State Farm initially extended UIM coverage for this claim because it was unable to locate a written waiver does not create a fact issue or raise doubt as to the witnesses' credibility. State Farm's uncontroverted evidence on summary judgment, especially Dianne Peace's written waiver of UIM coverage before the collision and the declarations page for coverage in effect at the time of the collision, establishes that no genuine issue of material fact exists as to a written waiver of UIM coverage and that no UIM coverage was available under the policy at the time of the

5

collision.  Accordingly, we overrule Johnen's first issue.  Having determined that State Farm established as a matter of law that no UIM coverage was available at the time of the collision, we need not address Johnen's second issue concerning whether payment of liability limits under the policy precluded payment of UIM benefits.  We affirm the judgment of the district court.

## CONCLUSION

State Farm established as a matter of law that no UIM coverage was available at the time of the collision.  Therefore, we affirm the judgment of the district court granting summary judgment in favor of State Farm.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  August 12, 2004

6